UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM L. SLOAN, EUGENE J.
WINNINGHAM, BOB L. BERTRAM, JAMES
L. KELLEY, on behalf of themselves and a
similarly situated class,

Civil Case Number: 09-CV-10918

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Plaintiffs,

v.

BORGWARNER, INC., BORGWARNER
DIVERSIFIED TRANSMISSION PRODUCTS,
INC. and BORGWARNER FLEXIBLE
BENEFITS PLANS,

Defendants.
_____/

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO RECONSIDER THE COURT'S ORDER DENYING DEFENDANTS' MOTION TO TRANSFER

Now before the Court is Defendants BorgWarner, Inc.'s, BorgWarner Diversified Transmission Products Inc.'s ("DTP"), and BorgWarner Flexible Benefit Plans' (collectively, "Defendants") Motion to Reconsider the Court's Order Denying Defendants' Motion to Transfer ("June 17, 2009 Opinion and Order"). (Dkt. No. 33). For the reasons stated below, the Court DENIES Defendants' Motion.

**I.      STANDARD**

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration; it provides:

[T]he court will not grant motions for rehearing or reconsideration that merely

1

> present the same issues ruled upon by the court, either expressly or by reasonable
> implication. The movant must not only demonstrate a palpable defect by which
> the court and the parties have been misled but also show that correcting the defect
> will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

## II.   ANALYSIS

Defendants initially challenge the Court's requirement in its June 17, 2009 Opinion and Order that Defendants bear the burden of showing, by a preponderance of the evidence, that practicality and fairness "strongly" favor transfer. Specifically, Defendants argue that the strongly favor standard is no longer good law and that the Court's application of that standard to Defendants' Motion to Transfer was erroneous. They contend that they need only show, by a preponderance of the evidence, that the balance of equities favors transfer to the Southern District of Indiana.

Notwithstanding that several courts in this district,[1] as well as courts in other districts[2]

---

[1] *See, e.g., Sun Pharm. Indus. v. Eli Lilly & Co.*, No. 07-CV-15087, 2008 U.S. Dist. LEXIS 35206, at *5 (E.D. Mich. Apr. 30, 2008); *Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004); *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001).

[2] *See, e.g., Inghram v. Universal Indus. Gases, Inc.*, No. 1:05-cv-19, 2006 U.S. Dist. LEXIS 7730, at *11-12 (E.D. Tenn. Feb. 8, 2006); *FieldTurf Inc. v. Turfusa*, No. 3:02CV-502-S, 2004 U.S. Dist. LEXIS 378, at *7 (W.D. Ky. Jan. 13, 2004); *United States v. Cinemark USA, Inc.*, 66 F. Supp. 2d 881, 886-87 (N.D. Ohio 1999); *see also MJR Int'l, Inc. v. Am. Arbitration Ass'n*, No. 2:06-cv-0937, 2007 U.S. Dist. LEXIS 70436, at *7 (S.D. Ohio Sept. 27, 2004) (noting that "the party moving for a change of venue must demonstrate that the interests served by 28 U.S.C. § 1404(a) *clearly* favor a change of venue").

and other circuits,[3] consistently have relied on the strongly favor standard in analyzing motions to transfer under section 1404, Defendants failed to meet the very burden that they ask this Court to apply. That is, Defendants have not established, by a preponderance of the evidence, that practicality and fairness favor a transfer. Therefore, even if the Court were to apply the standard advocated by Defendants, Defendants have not shown such a change would result in a different disposition of the Motion to Transfer.

Of the eight factors the Court examined in denying Defendants' Motion to Transfer, it found that only two of the factors[4]—locus of operative facts and costs of obtaining willing witnesses— favored transfer. The remainder of the factors either did not support a transfer or were against it.

Defendants' second challenge to the Court's June 17, 2009 Opinion and Order involves the Court's analysis of two of these factors—the convenience of the parties and the convenience of the witnesses—both of which the Court determined weigh against transfer.

As to the first factor, the convenience of the parties, the Court found that it "tilts against transfer." The Court recognized that the plaintiffs, Willard L. Sloan, Eugene J. Winningham, Bob L. Bertram, and James L. Kelley (collectively, "Plaintiffs"), filed suit in this district and provided

---

[3] *See, e.g., Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3rd Cir. 1970); *see also In re Volkswagen of Am. Inc*, 545 F.3d 304, 315 (5th Cir. 2008) (adopting a "good cause" burden, which requires that a party seeking a transfer not only "satisfy the statutory requirements [but also] clearly demonstrate that a transfer is '[f]or the convenience of the parties and witnesses, and in the interest of justice'").

[4] The Court's June 17, 2009 Opinion and Order stated that the availability of process to compel unwilling witnesses supported transfer. This clearly, however, was a scrivener's error, as the entirety of the paragraph preceding that finding pointed to the deficiencies of the Defendants' position and the relative strengths of the Plaintiffs' supporting evidence. The July 17, 2009 Opinion and Order should have stated that this factor did not support transfer.

affidavits from over 200 of the more than 1,700 putative class members stating that they wanted to pursue their claims in Michigan where the Defendants have their corporate offices and that they would appear voluntarily in Michigan if called to testify or other participate in the suit. Also significant to the Court's decision was the fact Defendants no longer have a substantial ongoing presence in Indiana since the Muncie, Indiana plant has closed.

In its reply brief and again in the brief in support of the instant motion, Defendants provide deposition testimony from three of the Plaintiffs in an attempt to show that even Plaintiffs feel that litigation in Indiana is more convenient. Just as it did in ruling on its Motion to Transfer, the Court finds this testimony unconvincing. First, Plaintiffs James Kelley, a resident of Kentucky, and Eugene Winningham, a resident of Tennessee, merely testified that they go to Indiana a few times per year to visit with family member who live in or near Muncie, not that it is more convenient for them to litigate in Michigan, as opposed to Indiana.[5] Second, Plaintiff Bob Bertram, a resident of Kentucky, did testify that he was in "bad health" and "can't hardly travel," but those restrictions would hamper his ability to appear in court in Michigan just as much as it would to appear in Indiana

Simply put, Plaintiffs filed suit in Defendants' backyard. Although Plaintiffs do not have any connection to this forum (i.e., Defendant's backyard), their choice of forum is entitled to some deference, albeit rather little. Defendants now want to transfer this case to Plaintiffs' backyard (or at least, the putative class's backyard). But, in so doing, they must show that it is

---

[5] Defendants claim that Kelley "testified that litigation in Indiana is more convenient for him than in Detroit" and cites pages forty-five through forty-six and sixty-two of his deposition transcript. (Def.'s Br at 9). But, pages forty-five and forty-six do not provide testimony from Kelley stating that Indiana is more convenient for him than Detroit, and Defendants failed to attach page sixty-two to their brief (they attached page sixty-seven, instead).

4

more convenient for the parties to try the case there. Defendants have not done that. As a result, the convenience of the parties factor "tilts" against transfer.

Likewise, Defendants have not shown that the convenience of the witnesses factor favors transfer. Instead, they relied on unsupported assertions that Plaintiffs and their key witnesses could not seriously argue that this district was more convenient for them and that "the key witnesses for all parties are the person who negotiated the [collective bargaining agreements] and [health insurance agreements] at the core of this dispute, and most of those individuals reside in Indiana." (Dkt. No. 8, at 11). For instance, in their brief in support of their Motion to Transfer, Defendants state that "with the exception of a few DTP employees who work at DTP's corporate headquarters, the majority of the individuals that DTP would call are located outside of Michigan, and in fact, Indiana" and reference their trial witness list for the related Indiana litigation. (Dkt. No. 8, at 11 n.10, Ex. 10). The list includes four current and nine former DTP employees but does not list where they currently reside, how critical their testimony is to the litigation,[6] or even whether they would be willing to testify in this case, let alone whether they will be inconvenienced by testifying in the Southern District of Indiana.[7] In fact, Plaintiffs provided evidence showing that only four of the people on the list currently reside in Indiana, with another four residing in Michigan, and the rest split amongst Ohio, North Carolina, Illinois,

---

[6] "To substantiate a claim of inconvenience to witnesses, a party should provide each witness's name and a summary of the anticipated testimony to enable the court to assess the significance of the testimony." *Steelcase, Inc. v. Mar-Mol Co.*, 210 F. Supp. 2d 920, 940 (W.D. Mich. 2002).

[7] Of the four witnesses that DTP actually called to testify in the Indiana litigation, one now lives in Michigan, one still lives in Indiana, and the other two currently live in Illinois and North Carolina.

and Arizona. Plaintiffs, on the other hand, provided affidavits from nearly all of their proposed witnesses stating that they would not be inconvenienced if they were called to testify in Michigan. As a result, the convenience of the witnesses factor counsels against transfer.

### III.  CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' Motion to Reconsider the Court's Order Denying Defendants Motion to Transfer.

**SO ORDERED.**

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 7-7-09
Detroit, Michigan