UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM L. SLOAN, EUGENE J.
WINNINGHAM, BOB L. BERTRAM, JAMES
L. KELLEY, on behalf of themselves and a
similarly situated class,

               Plaintiffs,

v.

BORGWARNER, INC., BORGWARNER
DIVERSIFIED TRANSMISSION PRODUCTS,
INC. and BORGWARNER FLEXIBLE
BENEFITS PLANS,

               Defendants.
_____ /

Civil Case Number: 09-CV-10918

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SIXTH CIRCUIT'S DETERMINATION ON WRIT OF MANDAMUS AND GRANTING IN PART DEFENDANTS' ALTERNATIVE MOTION TO ENLARGE DEADLINES RELATED TO PENDING CLASS CERTIFICATION MOTION

Now before the Court is Defendants BorgWarner, Inc.'s, BorgWarner Diversified Transmission Products Inc.'s ("DTP"), and BorgWarner Flexible Benefit Plans' (collectively, "Defendants") Motion to Stay Proceedings Pending Sixth Circuit's Determination on Writ of Mandamus and Alternative Motion to Enlarge Deadlines Related to Pending Class Certification Motion. (Dkt. No. 46). For the reasons stated below, the Court DENIES Defendants' Motion to Stay Proceedings Pending Sixth Circuit's Determination on Writ of Mandamus, and GRANTS IN PART Defendants' Alternative Motion to Enlarge Deadlines Related to Pending Class Certification Motion.

1

**I.      BACKGROUND**

Plaintiffs Willard J. Sloan, Eugene J. Winningham, Bob L. Bertram, and James L. Kelley (collectively, "Plaintiffs") filed this putative class action on March 11, 2009. (Dkt. No. 1). In their Complaint, Plaintiffs allege that in February 2009, they received notice that their retiree health care coverage would be reduced effective May 1, 2009.

On March 26, 2009, Defendants filed a Motion to Transfer this case to the U.S. District Court for Southern District of Indiana, (Dkt. No. 8), which this Court denied on June 17, 2009. (Dkt. No. 30).

On June 22, 2009 Defendants issued Notices of Depositions of the Plaintiffs, purportedly to depose them about their adequacy to serve as class representatives for the putative class. On June 30, 2009, Plaintiffs filed a Motion for Protective Order, which Judge Borman referred to Magistrate Judge Majzoub on July 7, 2009. (Dkt. No. 38). That motion sought to protect Plaintiffs from the undue burden and expense of being subject to unnecessary, duplicative, and premature depositions.

Also on July 7, 2009, Defendants filed a Motion for Expedited Discovery or in the Alternative Postponement of the Hearing on the Motion for Class Certification (Dkt. No. 39), which Judge Borman referred to Magistrate Judge Majzoub that same day. (Dkt. No. 40). That motion asks the Court to order Plaintiffs to be available for depositions on or before July 17, 2009. Thus, Defendants' expedited discovery motion requests the same thing that Plaintiffs sought to oppose in their Motion for Protective Order—limited discovery for the purposes of determining the adequacy of class representation.

On July 17, 2009, Magistrate Judge Majzoub issued an order on Plaintiffs' Motion for

Protective Order, requiring the parties to file proposed protective orders to her chambers before July 31, 2009. (Dkt. No. 44). The parties submitted proposed protective orders to Magistrate Judge Majzoub on or before July 31, 2009.

On August 12, 2009, Magistrate Judge Majzoub filed an Opinion and Order Granting Plaintiffs' Motion for a Protective Order and Denying Defendants' Motion to Expedite Discovery ("August 12, 2009 Opinion and Order"). (Dkt. No. 50). In ruling that Defendants should not be allowed to take Plaintiffs' depositions at this early stage of the litigation, Magistrate Judge Majzoub reasoned that Defendants have already deposed each Plaintiff on their qualifications to be class representatives in a prior related action and that Defendant DTP acknowledged in its Amended Complaint for Declaratory Judgment against Defendant [here, Plaintiff] Class filed in the Southern District of Indiana that Plaintiffs "will fairly and adequately protect the interests of the [putative class]." (Dkt. No. 35 Ex. 11 at ¶ 49).

Before the parties' proposed protective orders were due to Magistrate Judge Majzoub, however, Defendants filed a Motion to Stay Proceedings Pending Sixth Circuit's Determination on Writ of Mandamus and Alternative Motion to Enlarge Deadlines Relating to Pending Class Certification Motion on July 22, 2009. (Dkt. No. 46). That motion is the subject of the Court's instant Opinion and Order.

## II.   ANALYSIS

### A.   Motion for Stay Pending Writ of Mandamus

Defendants request that this Court stay the instant proceedings pending the Sixth Circuit's determination of their Writ of Mandamus. Defendants argue that if the Sixth Circuit grants the writ and orders this Court to transfer this matter to the Southern District of Indiana,

3

this Court and the parties will have wasted precious resources litigating in the incorrect forum. Defendants, however, fail to cite authority upon which this Court may grant the relief that they request.

While district courts in the Sixth Circuit apparently have not yet had the occasion to address a motion to stay pending a petition for writ of mandamus, district courts in other circuits have granted stays pending petitions for writ of mandamus. *See Ruppert v. Principal Life Ins. Co.,* No. 06-cv-903-DRH, 2007 U.S. Dist. LEXIS 49294 (S.D. Ill. July 9, 2007) (unpublished) (ordering a stay of the proceedings pending a resolution of a writ of mandamus seeking a review of the court's transfer order); *see also Citizens for Responsibility & Ethics v. Cheney*, 580 F. Supp. 2d 168 (D.D.C. 2008).

In making its determination of whether to grant Defendants' Motion to Stay, the Court finds convincing the U.S. District Court for the District of Columbia's application of the factors governing a stay pending appeal to a stay pending petition for writ of mandamus. *See Cheney*, 580 F. Supp. 2d at 177. Those factors are: (1) the likelihood that the moving party will prevail on the merits of the petition; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay. *Id.* (citations omitted); *cf. Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (listing the nearly identical four factors governing a stay pending appeal).

### 1.     Likelihood of Prevailing on the Merits of the Petition

First, it is important to note that the Sixth Circuit has held that "[m]andamus is not available to control the discretion of [a d]istrict [c]ourt in acting upon a motion to transfer," *Hoffa v. Gray*, 323 F.2d 178, 179 (6th Cir. 1963) (citations omitted), and that mandamus is

4

appropriate only "in the exceptional case where there [has been] a clear abuse of discretion or usurpation of judicial power." *Panhandle v. Eastern Pipe Line Co v. Thornton*, 267 F.2d 459 (6th Cir. 1959)).

In *Panhandle*, the Sixth Circuit held that it was improper to review a district court's ruling under 28 U.S.C. § 1404(a) by mandamus proceedings, where the petitioner had made no showing of having sought relief under 28 U.S.C. § 1292(b). *Id*. at 461. The court added that except in really extraordinary circumstances, the Sixth Circuit "shall stop [] mandamus proceedings *at the very threshold*, by denying leave to file the petition for a writ of mandamus." *Id*. (emphasis added).

Even assuming that this case involves those really extraordinary circumstances that warrant mandamus review by the Sixth Circuit, Defendants' likelihood of success on the merits is slim, at best. Recently, in *Reese v. CNH America LLC*, Nos. 08-1234/1302/1912, slip op. at 4-6 (July 27, 2009), the Sixth Circuit, *on appeal*, affirmed the district court's application of the strongly favor standard—the very same standard that Defendants argue this Court abused its discretion in applying to Defendants' transfer motion. In addition, in *Reese*, the Sixth Circuit stressed that "district courts have 'broad discretion' to determine when party 'convenience' or the 'interests of justice' make transfer appropriate" and that "[o]nly when the district court 'clearly abuse[s] its discretion' in balancing these consideration will [it] reverse." *Id*. at 4-5 (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). The Sixth Circuit then went on to review the relevant facts of the case, which arguably favored transfer more than those in the instant action, and found that "[c]ompelling considerations favor both parties' positions, making it difficult to say that the district court would have abused its discretion had he picked either

location as the more appropriate forum." *Id*. at 6.

Therefore, the likelihood of success on the merits factor clearly weighs in favor of denying the stay pending the petition for writ of mandamus.

### 2. Likelihood of Irreparable Harm to the Moving Party Absent a Stay

Defendants assert that it will have wasted precious resources in having to litigate the action in the incorrect forum and that the harm that the writ seeks to redress—the burden of preceding in a court that should have transferred to a more convenient forum—already will have been inflicted. The Court agrees that if the Sixth Circuit grants the writ, Defendants will have expended resources arguing its case in this forum. Defendants, however, reside in this district and have little or no presence in the district to which they seek a transfer. It is only their attorneys and a few witnesses that will have to travel to this forum as the litigation proceeds. The burden to them, as the party petitioning for the writ, seems rather minor. Thus, this factor does not favor granting Defendants' Motion to Stay.

### 3. Prospect of Harm to Others

Plaintiffs filed suit in this Court after learning that Defendants intended to reduce their health care benefits on May 1, 2009. Assuming that Plaintiffs' benefits have been reduced from their pre-May 1, 2009 levels, if the Court were to grant the stay, then Plaintiffs would have to lay out at least some cash to pay for their health care, and wait even longer to have their benefits reinstated to their pre-May 1, 2009 levels should they ultimately prevail in this lawsuit. Therefore, the prospect of harm to others clearly weighs against granting the stay.

### 4. Public Interest in Granting the Stay

On one hand, there is a strong public interest in promptly resolving disputes like this one

that affect large numbers of people and even perhaps an entire community.

On the other hand, however, the Court is mindful that its early decisions in this case may be imposed upon another judge should the Sixth Circuit grant Defendants' petition.  Shortly after this Court denied Defendants' transfer motion, both parties moved the Court regarding Defendants' desire to conduct limited discovery for the purposes of determining the adequacy of Plaintiffs' representation of the putative class.  In addition, Plaintiffs have an outstanding motion to certify the class, which is scheduled for hearing on August 19, 2009.  If the Sixth Circuit were to grant Defendants' petition, and the Court already were to have definitely ruled on these outstanding motions, then the Southern District of Indiana would receive decided issues that could shape the remainder of the litigation.

The public interest in promptly resolving class actions like the instant case is not offset by the impact of this Court's rulings potentially being imposed upon the transferee court, the U.S. District Court for the Southern District of Indiana.  Therefore, this factor also does not weigh in favor of granting the stay

Because these four factors weigh against granting the stay pending the petition for writ of mandamus, the Court denies Defendants' Motion to Stay.

### B.      Alternative Motion to Enlarge Deadlines Relating to Pending Class Certification Motion

Defendants' July 22, 2009 Alternative Motion to Enlarge Deadlines Relating to Pending Class Certification Motion (Dkt. No. 46) requests the same relief sought by Defendants in their July 7, 2009 Alternative Motion for Postponement of the Hearing the Motion for Class Certification.  (Dkt. No. 39).  In both motions, Defendants seek more time to respond to Plaintiffs' Motion for Class Certification.  In her August 12, 2009 Opinion and Order, after

denying Defendants' Motion to Expedite Discovery, Magistrate Judge Majzoub declined to address Defendants' request for a postponement of the hearing on Plaintiffs' Motion for Class Certification.

Defendants' Response to Plaintiff's Motion for Class Certification was due on July 22, 2009. Because Magistrate Judge Majzoub had not yet ruled on Plaintiff's July 7, 2009 Alternative Motion for Postponement of the Hearing on the Motion for Class Certification by July 22, 2009, the Court grants in part Defendants' Alternative Motion to Enlarge Deadlines Relating to Pending Class Certification Motion and allows Defendants more time, as set forth below, to respond to Plaintiff's Motion for Class Certification.

### III.   CONCLUSION

For the reasons stated, the Court:

(1)   **DENIES** Defendants' Motion to Stay;

(2)   **GRANTS IN PART** Defendants' Alternative Motion to Enlarge Deadlines Relating to Pending Class Certification Motion;

(3)   **RESCHEDULES** the hearing on Plaintiff's Motion for Class Certification to Monday, August 24, 2009; and

(4)   **ORDERS** Defendants to respond by Wednesday, August 19, 2009 and Plaintiffs to reply by Friday, August 21, 2009.

**SO ORDERED.**

s/Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated: August 14, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 14, 2009.

                                            s/Denise Goodine
                                            Case Manager