# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLARD L. SLOAN, EUGENE
J. WINNINGHAM, BOB L. BERTRAM,
and JAMES L. KELLEY,

        Plaintiffs,                   CIVIL ACTION NO. 09-CV-10918

  vs.                             DISTRICT JUDGE STEPHEN J. MURPHY III

BORGWARNER FLEXIBLE          MAGISTRATE JUDGE MONA K. MAJZOUB
BENEFITS PLANS, BORGWARNER
INC., and BORGWARNER DIVERSIFIED
TRANSMISSION PRODUCTS, INC.,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' REQUEST FOR PUNITIVE DAMAGES AND JURY DEMAND (DOCKET NO. 62)

This matter comes before the Court on Defendants' Motion to Strike Plaintiffs' Request for Punitive Damages and Jury Demand filed on October 23, 2009. (Docket no. 62). Plaintiffs filed a response to the motion. (Docket no. 64). Defendants filed a Reply Brief. (Docket no. 65). The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 63). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The matter is now ready for ruling.

Plaintiffs filed this lawsuit on March 11, 2009 pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiffs, on behalf of

1

themselves and a class of similarly situated persons, seek a declaratory judgment that they and their spouses have a vested right to lifetime retiree health care benefits from Defendants. In addition to a declaratory judgment, Plaintiffs seek injunctive relief and damages, including punitive damages. Currently pending is the Defendants' motion to strike Plaintiffs' jury demand and request for punitive damages.

The Sixth Circuit has held that the Seventh Amendment does not guarantee a jury trial in ERISA and LMRA cases where the plaintiffs seek declaratory and injunctive relief, along with damages, because the relief is equitable rather than legal. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 882-83 (6th Cir. 1997); *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 660-63 (6th Cir. 1996). Plaintiffs assert that the Supreme Court decision in *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204, 210 (2002), implicitly overruled the Sixth Circuit precedent in *Bittinger* and *Golden*. Plaintiffs further assert that their action is legal not equitable because they seek to impose personal liability on Defendants for a contractual obligation to pay money for retiree health care benefits. *See Great-West Life & Annuity Co. v. Knudson*, 534 U.S. at 210.

In *Reese v. CNH Am. LLC*, 574 F.3d 315 (6th Cir. 2009), the Sixth Circuit rejected the argument raised by Plaintiffs in this case. In *Reese*, the plaintiffs sought declaratory and injunctive relief, along with damages, and requested a jury trial on their claims for vested retiree health benefits under Section 301 of the LMRA and Section 502(a)(1)(B) of ERISA. The Sixth Circuit concluded that the parties had no Seventh Amendment right to a jury trial, and reiterated that backward-looking relief in the form of monetary damages "is at best 'incidental' in comparison to the primary goal of ensuring injunctive access to health-care benefits in the future." *Id.* at 327. The *Reese* court considered the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson* and

2

concluded that *Knudson* did not undermine its decisions in *Bittinger* and *Golden* that actions under ERISA and Section 301 of the LMRA are equitable in nature. *Id*.

According to established Sixth Circuit precedent the Plaintiffs in the instant case do not have a Seventh Amendment right to a jury trial on their claims. The Court will therefore strike Plaintiffs' request for a jury demand.

Defendants assert that Plaintiffs' claims for punitive damages should also be stricken. The Sixth Circuit has clearly established that punitive damages are not recoverable under ERISA. *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 618 (6th Cir. 1998). It has not, however, determined whether punitive damages are recoverable against an employer for breach of a collective bargaining agreement in violation of Section 301 of the LMRA.

In *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 754 -55 (6th Cir. 1996), the Sixth Circuit upheld a decision striking a request for punitive damages in a Section 301 action against the employer. The court found:

> Our research revealed very little case law on this precise issue. Those courts considering the matter have held either that punitive damages against the employer are unavailable under Section 301, *United Steelworkers v. Connors Steel Co.,* 855 F.2d 1499, 1510 (11th Cir.1988), *cert. denied* 489 U.S. 1096, 109 S. Ct. 1568, 103 L.Ed.2d 935 (1989), or that punitive damages generally are unavailable absent a showing that the employer's conduct is something more egregious than a simple breach of contract. *E.g., Merk v. Jewel Food Stores Div. of Jewel Co.,* 945 F.2d 889, 899 (7th Cir.1991), *cert. denied,* 504 U.S. 914, 112 S. Ct. 1951, 118 L.Ed.2d 555 (1992).
> We need not decide whether punitive damages can ever be awarded against an employer in Section 301 suits. **Even if we were to conclude that punitive damages are available in appropriate circumstances, the defendants' conduct in this case is not sufficiently "outrageous" or "egregious" to warrant an award of punitive damages against them**. *See Butler v. Local 823, Int'l Bhd. of Teamsters,* 514 F.2d 442, 454 (8th Cir.), *cert. denied* 423 U.S. 924, 96 S. Ct. 265, 46 L.Ed.2d 249 (1975).

*Id*. at 755 (emphasis added). *See also Velda v. Avery Eng'g Co.*, No. C73-537, 1973 WL 1022, at *2 (N. D. Ohio Nov. 16, 1973) (denying motion to strike punitive damage request in Section 301 claim); *Merk v. Jewel Food Stores Div. of Jewel Co., Inc.*, 945 F.2d 889, 899 (7th Cir. 1991) (punitive damages are not awarded for simple breaches of contract uncomplicated by evidence of fraud or other tortious misconduct).

Plaintiffs' complaint makes no allegations as to the outrageous or egregious conduct of Defendants, and Plaintiffs suggest nothing indicating that they can prove such conduct. However, the complaint makes a demand for punitive damages and otherwise complies with Federal Rule of Civil Procedure 8. Because it is not clear that punitive damages are always unavailable under Section 301 of the LMRA for actions filed against an employer, the Court will not strike Plaintiff's request for punitive damages at this time. The Plaintiff will be given some latitude to develop the facts of this case to show whether Defendants' conduct was sufficiently egregious or outrageous, and if so, whether they are entitled to punitive damage relief on their Section 301 claim. Defendants' motion to strike Plaintiffs' claim of punitive damages under Section 301 of the LMRA is therefore denied without prejudice.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiffs' Jury Demand is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Request for Punitive Damages is **DENIED** without prejudice as to the Plaintiffs' claim under Section 301 of the LMRA. The motion to strike punitive damages is **GRANTED** as to Plaintiffs' ERISA claim.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: February 12, 2010          s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 12, 2010          s/ Lisa C. Bartlett
                                           Case Manager