# McDermott
# Will & Emery

Boston  Brussels  Chicago  Dusseldorf  Houston  London  Los Angeles  Miami  Milan
Munich  New York  Orange County  Paris  Rome  Silicon Valley  Washington D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

Joshua David Rogaczewski
Attorney at Law
jrogaczewski@mwe.com
+1 202 756 8195

September 16, 2011

BY E-MAIL

David R. Radtke
Klimist, McKnight, Sale, McClow & Canzano, P.C.
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034-8460

Re: *Sloan v. BorgWarner, Inc.*, Case 2:09-cv-10918-PDB-MKM (E.D. Mich. filed Mar. 11, 2009)

Dear David:

I write to address several items raised in your September 12 letter.

*First*, it appears that the key dispute regarding Bob Bertram is whether his claims should be dismissed with or without prejudice. As stated in my September 9 letter, Mr. Bertram's litigation has proceeded sufficiently far that, if he wants to abandon his claims, he should do so with prejudice. If Mr. Bertram is not prepared to dismiss his claims with prejudice, than he should be prepared to be an active participant in this litigation, including having his deposition taken.

*Second*, Plaintiffs' Rule 30(b)(6) deposition notices are defective. They purport to depose in one sitting on October 14 three distinct parties and in another sitting on October 24 two separate parties. This plainly violates the rules. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice . . . a party may name as the deponent *a* public or private corporation . . . or other *entity* . . . . The named *organization* must designate one or more . . . persons who consent to testify on *its* behalf." (emphasis added)). In any event, we believe that the two notices served by Plaintiffs would (if perfected) exhaust half of the depositions they are allotted in this matter. *See id.* R. 30(a)(2)(A)(i) (allowing parties to take depositions of ten "persons" without seeking leave of court). But Plaintiffs will not be able to enforce the notice of the October 24 depositions of BorgWarner, Inc., and BorgWarner Diversified Transmission Products Inc. if they take their depositions on October 14. *See id.* R. 30(a)(2)(A)(ii) (requiring leave of court to depose a person more than once).

*Third*, thank you for the information about Charles T. Smith, one of the individuals we subpoenaed for documents and testimony. We have looked into the matter, and we intended to subpoena Charles G. Smith. We have corrected the matter by withdrawing the subpoenas to the absent class member and issuing subpoenas to the UAW representative.

David R. Radtke
September 16, 2011
Page 2

*Finally*, Plaintiffs' discoverable knowledge is not limited to their alleged damages. We also wish to and are entitled to examine Plaintiffs regarding what they were told by their union or BorgWarner DTP about their benefits. That information bears on the liability questions in this matter. Accordingly, we think bifurcation is not appropriate.

Sincerely,

Joshua David Rogaczewski

DM_US 29998260-2.070648.0013