UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WILLARD L. SLOAN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 2:09-cv-10918 –PDB-MKM |
| | ) |
| BORGWARNER INC., et al. | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

Upon the stipulation of the parties for a protective order, and in accordance with Federal Rules of Civil Procedure 26(c) and 45:

IT IS HEREBY ORDERED that:

I.   This Protective Order shall govern any document or portion thereof produced by the UAW in response to Defendants' subpoena served upon the UAW on or about September 1, 2011 which relates to internal collective bargaining policy or is otherwise confidential. Documents containing such information shall be designated by the UAW as "Confidential" as defined herein in connection with this action.

II.   DEFINITION OF CONFIDENTIAL INFORMATION

A.   The term "Confidential Information" shall mean information in a document relating to internal collective bargaining policy or that is otherwise confidential.

B.   The scope of this order shall encompass not only those documents that are expressly designated as Confidential but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

1

III.  DESIGNATION OF CONFIDENTIAL INFORMATION

   A.   If the UAW reasonably believes that the document contains Confidential Information, the UAW may designate that document as "Confidential."

   B.   After a document has been designated as Confidential, the UAW shall place a legend on each page of the document containing the words "Confidential" before delivering a copy of it.

   C.   The UAW retains the right to designate documents as containing Confidential Information after such documents are produced and delivered to the other parties. If the UAW does so in writing, such documents will thereafter be treated in accordance with this order.

   D.   The inadvertent or unintentional disclosure of Confidential Information, regardless of whether the document containing it was designated Confidential at the time of disclosure, shall not be treated as a waiver in whole or in part of the UAW's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject.

   E.   Should the UAW determine that a document containing Confidential Information has been produced inadvertently, the UAW shall bring it to the other parties' attention. The inadvertently disclosed document and all copies shall be returned promptly to the UAW, which shall replace them with properly designated copies.

IV. RESOLUTION OF DISPUTES REGARDING DESIGNATION OF CONFIDENTIAL INFORMATION

    A. The parties receiving Confidential Information shall not be obligated to challenge the propriety of a confidential designation, and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation.

    B. In the event that the parties receiving Confidential Information dispute the designation of Confidential Information, such a party shall so inform the UAW by written notice, and the parties and the UAW shall meet and confer in a good faith effort to resolve the dispute.

    C. In the event that the parties and the UAW are unable to resolve a dispute regarding designation of Confidential Information, the party disputing the designation may request appropriate relief from the Court. The burden of establishing that information has been properly designated as Confidential Information is on the UAW. This Protective Order does not alter the burden imposed by law on any party seeking to uphold any limitation on the production or dissemination of materials.

V. USE OF CONFIDENTIAL INFORMATION GENERALLY

Information designated as Confidential Information obtained pursuant to discovery in this action shall be subject to this Protective Order. Such Confidential Information may be used only for purposes of preparation, trial, and appeal of this action, and may not be used for any other litigation or business, commercial, competitive, personal, or other purpose whatsoever. Such Confidential Information shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted by this order. All produced Confidential Information shall be carefully maintained by the receiving party in secure facilities,

and access to such Confidential Information shall be permitted only to persons having access thereto under the terms of this order.

VI. ACCESS TO CONFIDENTIAL UNDER PROTECTIVE ORDER INFORMATION

    A. Access to Confidential Information shall be limited to, and only to, the following "Qualified Persons":

        1. Attorneys of record to any party in connection with this action and, if the attorney is a member of a law firm, the employees and staff of the law firm who are responsible for assisting in the preparation.

        2. Members of organizations retained by the attorneys of record to provide litigation support services in this action are Qualified Persons. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order and shall agree to comply with its terms. (*See infra* § VII.)

        3. Independent experts and independent consultants (collectively, "Experts") retained in this action by the attorneys of record, insofar as the attorneys of record may deem it necessary for the preparation, trial, or appeal of this case to consult with such Experts, are Qualified Persons, provided that any such actual or contemplated Expert is not otherwise employed in any capacity by any of the parties (including their affiliates, predecessors-in-interest, or successors-in-interest) hereto. Any Expert must agree to be bound by the confidentiality restrictions contained in this Protective Order and acknowledge that such confidentiality restrictions shall bind the expert in all future employment by other entities. (*See infra* § VII.)

    4. In-house counsel of the receiving party who are actively engaged in the management or conduct of this case and supporting staff are Qualified Persons. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order. (*See infra* § VII.)

    5. Court officials involved in this litigation (including court reporters, persons operating video recording equipment, and any special master appointed by the Court) are Qualified Persons.

    6. Such other persons as hereafter may be designated by prior written agreement of the parties in this action or by order of the Court are Qualified Persons. Before any such person is permitted access to any of the Confidential Information, such person shall be informed of the existence and contents of this Protective Order. (*See infra* § VII.)

B. All documents containing Confidential Information marked "CONFIDENTIAL" shall be maintained at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Protective Order.

VII. DISCLOSURE OF CONFIDENTIAL INFORMATION

    A. All individuals to whom Confidential Information is to be disclosed shall be informed of the existence of this order, shall be provided with a copy thereof and shall be instructed that such matter may not be used other than in connection with this litigation and may not be disclosed to anyone or used other than as contemplated by this order.

    B. Before disclosing any document, information or material designated as Confidential Information to any person contemplated herein, each individual, except (1) the legal counsel for the parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, paralegal assistants, agents and employees of such an attorney; and (2) court officials involved in this litigation (including any Court appointed personnel or employees), shall acknowledge in writing that he/she has been informed of this order and that:

        1. he/she has read and understands this order and agrees to be bound by its terms in all respects; and

        2. he/she consents to the exercise of personal jurisdiction by this Court for the purposes of enforcing the Protective Order.

    C. It shall be the obligation of the receiving party and its counsel to obtain and maintain copies of such acknowledgments.

## VIII. USE OF CONFIDENTIAL INFORMATION IN CONDUCT OF THIS ACTION

    A. Confidential Information may be used by the attorneys of record in good faith in conducting discovery, provided that the Confidential Information is protected pursuant to the terms and conditions of this Protective Order.

    B. During the course of any deposition, upon any inquiry with regard to the content of a document marked "CONFIDENTIAL" or when counsel for a person (party or nonparty) deems in good faith that the answer to a question may result in the disclosure of Confidential Information with the meaning of this order, counsel for the person whose information is involved, at his or her option, in lieu of taking other steps available in such situation, may direct that the transcription of the questions and

answers be marked as "CONFIDENTIAL." When such a direction has been given, the disclosure of the testimony shall be limited in the manner specified in sections 5 through 7 hereof, and the information contained therein shall not be used for any purpose other than as provided in this order.

C. Notwithstanding the UAW's designation of Confidential Information, any court hearing which refers to or describes Confidential Information shall in the Court's discretion be held in open court with records unsealed, unless there is a specific showing under law that confidentiality is required. The UAW has the option to request that the proceeding be conducted in camera, out of the presence of all unqualified persons, and that any transcript relating thereto, subject to the Court's approval, be designated as confidential.

D. All information designated as Confidential Information which is filed or lodged with the Court shall be filed or lodged in sealed envelopes on which shall be affixed a copy of the cover page of the document contained therein. The cover page shall include the words "CONFIDENTIAL."

IX. NO WAIVER

Other than as specified herein, the taking of or the failure to take any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, such right including, but not limited to, the right to claim that any information is or is not proprietary to any party, or is or is not entitled to particular protection. The procedures set forth herein shall not affect the rights of parties to object to discovery on any

7

legally appropriate basis, nor shall it relieve a party from the duty to respond properly to a discovery request.

X.  NO PROBATIVE VALUE

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "Confidential Information" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Provided that a party complies with the procedures outlined herein, this order shall be without prejudice to the right of any party to bring before the Court the questions of: (a) whether any particular material is or is not confidential; (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (c) whether any particular information or material is or is not relevant to any issue of this case. Absent a stipulation of all parties, the fact that a document has been designated "CONFIDENTIAL" pursuant to this order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be deemed admissible, nor offered in any action or proceeding before any court, agency or tribunal as evidence of or concerning whether such information is confidential or proprietary.

XI. TERMINATION OF LITIGATION

Within thirty (30) days of the final disposition of the above-captioned case, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

1. shall destroy or return to the UAW, or its attorney of record, the Confidential Information in their possession, custody or control or in the possession, custody or control of their staff;

2. shall ensure that all the Confidential Information in the possession, custody or control of their Experts, is destroyed or returned to the UAW, or its attorney of records; and

3. shall destroy all notes, memoranda or other documents which contain excerpts from any of the Confidential Information.

Notwithstanding any of the foregoing, any party may retain copies of any material filed with the Court.

XII. ENFORCEMENT OF THIS PROTECTIVE ORDER

This Protective Order shall survive the formal conclusion of the action and the Court shall have jurisdiction to enforce this order beyond the conclusion of this action.

XIII. MODIFICATION OF THIS PROTECTIVE ORDER

In the event any party hereto seeks a court order that in any way seeks to vary the terms of this Protective Order, said party shall make such request in the form of a written stipulation, or noticed motion to all parties that must be served and filed in accordance with local court rules.

SO ORDERED this 4th day of December, 2011.

_____
U.S. District Court Judge