UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLARD L. SLOAN, EUGENE J. WINNINGHAM, and JAMES L. KELLEY, <br><br> Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS INC., and BORGWARNER FLEXIBLE BENEFITS PLANS, <br><br> Defendants. | Case 2:09-cv-10918-PDB-MKM <br><br> U.S. District Judge Paul D. Borman <br><br> U.S. Magistrate Judge Mona K. Majzoub |

## STIPULATED ORDER RESOLVING PLAINTIFFS' CLAIMS AGAINST BORGWARNER INC.

The parties hereby stipulate that:

1. On September 1, 2009, Plaintiffs filed their amended complaint, in which Plaintiffs allege that BorgWarner Inc. is the "alter ego" of BorgWarner Diversified Transmission Products Inc. (R. 55, Am. Compl. ¶¶ 36–49.)

2. On September 16, 2009, Defendants filed their answer, in which BorgWarner Inc. and BorgWarner DTP responded to Plaintiffs' alter ego allegations. (R. 58, Ans. & Defs. 9–11.)

3. For the purpose of resolving Plaintiffs' alter ego allegations, BorgWarner Inc. and Plaintiffs agree as follows. BorgWarner Inc. agrees to unconditionally guarantee the performance of any contractual and legal obligations of BorgWarner DTP to members of the *Sloan* class encompassed by any final liability determination issued by the Court in this case in the event that BorgWarner DTP defaults on such obligations. BorgWarner Inc. also agrees that it waives all procedural and substantive defenses of the law of guaranty, indemnification, and suretyship, except the defense of prior performance by BorgWarner DTP and consents to judicial

enforcement by this Court in Detroit, Michigan, of the guaranty set forth in this paragraph. If they are entitled to relief in this case, Plaintiffs agree to entry of a judgment in this case rendering BorgWarner DTP primarily liable to members of the *Sloan* class and BorgWarner Inc. liable to the *Sloan* class as a guarantor of the primary liability of BorgWarner DTP.

4. BorgWarner Inc. asserts that it is not the alter ego of BorgWarner DTP, and this stipulation should not be construed to imply that BorgWarner Inc. is the alter ego of BorgWarner DTP.

5. Defendants contest Plaintiffs' entitlement to relief in this case, and they expressly reserve the right to appeal any adverse liability determination on any ground upon entry of a final judgment.

Dated: 01/30/2012

s/ with consent of David R. Radtke
David R. Radtke (P47016)
(dradtke@kmsmc.com)
Roger J. McClow (P27170)
(rmcclow@kmsmc.com)
Patrick J. Rorai (P65091)
(prorai@kmsmc.com)
Klimist, McKnight, Sale, McClow & Canzano
400 Galleria Officentre, Suite 117
Southfield, Michigan 48034-8460
248.354.9650
248.354.9656 fax

*Attorneys for Willard L. Sloan, Eugene J. Winningham, and James L. Kelley*

Respectfully submitted,

s/Elisa Angeli Palizzi
Elisa Angeli Palizzi (P52088)
(angeli@millercanfield.com)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
313.496.7635
313.963.6420 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com
McDermott Will & Emery LLP
600 13th Street, Northwest
Washington, D.C. 20005
202.756.8000
202.756.8087 fax

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans*

2

It is so ordered.

Dated: __1-31__, 2012

_____
UNITED STATES DISTRICT JUDGE