UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLARD L. SLOAN, EUGENE J.
WINNINGHAM, JAMES L. KELLEY,
on behalf of themselves and a similarly
situated class,

           Plaintiffs,

v.

BORGWARNER, INC., BORGWARNER
FLEXIBLE BENEFITS PLANS and
BORGWARNER DIVERSIFIED
TRANSMISSION PRODUCTS, INC.,

           Defendants.

Case No. 09-cv-10918
Hon. Paul D. Borman
Magistrate Mona K. Majzoub

**Class Action**

_____/

| David R. Radtke (P47016) | Bobby R. Burchfield |
| Roger J. McClow (P27170) | Joshua D. Rogaczewski |
| Patrick J. Rorai (P65091) | McDERMOTT WILL & EMERY |
| KLIMIST, McKNIGHT, SALE, | Attorneys for Defendants |
| McCLOW & CANZANO, P.C. | 600 Thirteenth St., N.W. |
| Attorneys for Plaintiffs | Washington, D.C. 20005 |
| 400 Galleria Officentre, Suite 117 | 202-756-8000; fax 202-756-8087 |
| Southfield, MI 48034 | bburchfield@mwe.com |
| 248-354-9650; fax 248-354-9656 | jrogaczewski@mwe.com |
| dradtke@kmsmc.com | |
| rmcclow@kmsmc.com | Elisa Angeli Palizzi (P52088) |
| prorai@kmsmc.com | MILLER, CANFIELD, PADDOCK |
| | & STONE, P.L.C. |
| | Attorneys for Defendants |
| | 150 W. Jefferson Avenue, Suite 2500 |
| | Detroit, MI 48226 |
| | 313-496-7635; fax 313-963-6420 |
| | angeli@millercanfield.com |

_____/

# PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, Willard L. Sloan, Eugene J. Winningham and James L. Kelley hereby notify the Court of the Order & Opinion denying Defendants' Motion for Summary Judgment, granting Plaintiffs' Motion for Summary Judgment and directing Defendants to reinstate Plaintiffs' retiree healthcare coverage in *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, et al. v. Kelsey-Hayes Company,* Case No. 11-15497 (E.D. Mich. April 24, 2013). (Ex. 1) This supplemental authority is directly relevant to Plaintiffs' pending Motion for Summary Judgment.

BorgWarner has argued that it is entitled to summary judgment because the changes made to Plaintiffs' health care benefits in May 2009 were permissible under *Reese, et al. v. CNH Am. LLC*, 694 F.3d 681 (6th Cir. 2012) (*Reese II*). In *Kelsey-Hayes Co.*, the district court distinguished the holding in *Reese II* and instead relied upon *Moore v. Menasha Corp.,* 690 F.3d 444, 459 (6th Cir. 2012). The district court in *Kelsey-Hayes Co.* specifically cited the *Moore* holding that:

> By offering vested healthcare coverage to retired employees and their spouses, and by agreeing that the CBAs could only be modified on the signed, mutual consent of the parties, Defendant waived its ability to unilaterally alter or terminate Plaintiffs' healthcare coverage. (Ex. 1 p. 17)

The CBAs in *Kelsey-Hayes Co.*, provided in part, that "options afforded the Company concerning supplementation of the Program with state or federally provided benefits 'shall not be exercised except by mutual agreement between the Company and the Union.'" (Ex. 1 p. 16) The CBA supplement in *Kelsey-Hayes Co.* also provided that if any benefits promised by the program are not practicable or permitted, the company and the union must mutually agree to provide new benefits and/or coverages that are closely related as possible and equivalent to those not provided.

*Id.* The district court relied upon the "mutual agreement" language in concluding that the holding of *Moore*, and not *Reese II,* was applicable. (*Id.* at p. 17)

Here, the Health Insurance Agreements ("HIAs") negotiated between BorgWarner and the UAW stated:

> A.   . . . If, as a result of such [federal or state] laws, the level of benefits provided for any group of employees (including retired employees), or surviving spouses, or their dependents, is generally lower than the corresponding level of benefits hereunder, the Company upon ***mutual agreement*** with the Union shall provide a plan of benefits which are supplementary to the benefits provided by law to the extent necessary to make total benefits as nearly comparable as practicable to the benefits provided hereunder with such contributions by employees (including retired employees) or surviving spouses as are ***mutually determined*** to be consistent with the contributions specified hereunder.
>
> B.   The provisions of Paragraph A above to the contrary notwithstanding and upon ***mutual agreement*** with the Union, the Company, if such laws permit, may substitute a plan of benefits for the benefits provided by such laws and modify the applicable provisions of this Agreement to the extent and in the respect necessary to secure the approval of such substitution from the appropriate governmental authority. The Company may make such plan available to employees, (including retired employees) or surviving spouses and their dependents and require from them such contributions as are ***mutually determined*** to be consistent with the contributions established hereunder. (emphasis added)

(Plaintiff MSJ Ex. 2, p. 15; Plaintiff MSJ Ex. 5, p. 13-14; Plaintiff MSJ Ex. 6, p. 13-14)

The language in the HIAs in this case are nearly identical to the provisions relied upon by the district court in *Kelsey-Hayes Co.* Therefore, the holding in *Kelsey-Hayes Co., supra,* is directly on point. Like in *Kelsey-Hayes Co.,* this Court should follow the holding of *Moore* because the relevant collectively bargained HIAs preclude modifications to the health care provided to retirees, surviving spouses and their dependents absent mutual agreement between the Company and the Union.

WHEREFORE, Plaintiffs respectfully request that the Court grant their Motion for Summary Judgment.

        Respectfully submitted,

        McKNIGHT, McCLOW, CANZANO,
        SMITH & RADTKE, P.C.

        By: /s/ David R. Radtke
            DAVID R. RADTKE (P47016)
            ROGER J. McCLOW (P27170)
            PATRICK J. RORAI (P65091)
            Attorneys for Plaintiffs
            400 Galleria Officentre, Suite 117
            Southfield, MI 48034
            (248) 354-9650
            dradtke@michworklaw.com
            rmcclow@michworklaw.com
            prorai@michworklaw.com

Dated: May 14, 2013

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it upon:

| | |
|---|---|
| Bobby R. Burchfield | Elisa Angeli Palizzi |
| Joshua D. Rogaczewski | |

                          Respectfully submitted,

                          McKNIGHT, McCLOW, CANZANO,
                          SMITH & RADTKE, P.C.

                          By: /s/ David R. Radtke
                              DAVID R. RADTKE (P47016)
                              ROGER J. McCLOW (P27170)
                              PATRICK J. RORAI (P65091)
                              Attorneys for Plaintiffs
                              400 Galleria Officentre, Suite 117
                              Southfield, MI  48034
                              (248) 354-9650
                              dradtke@michworklaw.com
                              rmcclow@michworklaw.com
                              prorai@michworklaw.com

P:\RHC Cases\BorgWarner\2009 MI Lawsuit\Pleadings\PLs SupplementalAuthority.wpd