UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLARD L. SLOAN, EUGENE J. WINNINGHAM, and JAMES L. KELLEY, <br><br>  Plaintiffs, <br><br> v. <br><br> BORGWARNER INC., BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS INC., and BORGWARNER FLEXIBLE BENEFITS PLANS, <br><br>  Defendants. | Case 2:09-cv-10918-PDB-MKM <br><br> U.S. District Judge Paul D. Borman <br><br> U.S. Magistrate Judge Mona K. Majzoub |

### BORGWARNER'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans—referred to collectively as "BorgWarner"—hereby respond briefly to Plaintiffs' notice regarding the recent decision in *United Steel Workers Int'l Union v. Kelsey-Hayes Co.*, Case 4:11-cv-15497-GAD-MAR (E.D. Mich. Apr. 24, 2013) (ECF No. 65). *Cf.* Fed. R. App. P. 28(j) (allowing responses to notices of supplemental authority). Even if correctly decided, the *United Steel Workers* decision is irrelevant to the parties' pending summary-judgment motions for at least three reasons.

*First*, Plaintiffs ignore BorgWarner's argument that their benefits are not vested because (a) the parties "agreed to disagree"—and thus reached no agreement—on vesting, (b) the benefits expired in 2009 when they were not renewed, and (c) the parties' negotiations treated the benefits as if they were not vested. (*E.g.*, R. 95, BorgWarner's Mot. Summ. J. 12–16.) Accordingly, BorgWarner's May 2009 changes to Plaintiffs' benefits are permissible *regardless* of whether the benefit changes satisfy the *Reese* standard. Indeed, if it cannot—for whatever reason—rule as a

matter of law that the changes satisfy *Reese*, the Court should assess whether Plaintiffs' benefits are vested. Determination of the vesting issue in BorgWarner's favor resolves this case.

*Second*, Plaintiffs continue to misunderstand the holding in *Reese*, which is that—"*unless [the CBA] says otherwise*"—modifications can be made to vested retiree health benefits "that are reasonably commensurate with the benefits provided [currently], reasonable in light of changes in health care and roughly consistent with the kinds of benefits provided to current employees." *Reese v. CNH Am. LLC*, 574 F.3d 315, 326 (6th Cir. 2009) (emphasis added) (internal quotation marks omitted). Statements in the CBA that *certain* changes can be made only with mutual assent are insufficient to make *Reese* inapplicable. There must be a broader agreement—as there appears to have been in *Moore v. Menasha Corp.*—"that the CBAs could only be modified on the signed, mutual consent of the parties" to waive the ability to make *Reese*-sanctioned changes. 690 F.3d 444, 459 (6th Cir. 2012).

*Finally*, no such agreement exists in the BorgWarner–UAW agreements at the center of this case. Plaintiffs quote extensively from—but misread—article 11, section 7 of the Health Insurance Agreement to mean BorgWarner is precluded from modifying Plaintiffs' benefits absent an agreement between the company and the UAW. (R. 120, Notice Supp'l Auth. 3.) The article from which Plaintiffs quote addresses coordination of Plaintiffs' benefits between BorgWarner's plan and other plans (like, for example, Medicare). (*See generally* R. 96 Ex. 1, 1989 HIA art. 11.) Among other things, the parties agreed, "To the extent that coverage under this Plan may be duplicated by coverage available under any Federal Medicare Program or Plan of National Health now or later adopted, such duplicate coverage will be deleted from this Plan." (*Id.* art. 11, § 4.) The provision from which Plaintiffs quote begins with language conveniently omitted by Plaintiffs: "*If the coverages provided by the provisions of this Agreement are provided*

2

by Federal or State laws then; . . . ." (*Id.* art. 11, § 7 (emphasis added).) Perhaps under *those* limited circumstances, the HIA requires benefit changes to be made by mutual assent, but this case does not involve changes made to integrate Plaintiffs' previous plan with government-provided benefits. The language on which Plaintiffs rely simply does not apply in this case. Even if it *did* apply, the limited scope of the provision is insufficient to constitute an agreement that Plaintiffs' benefits are inalterable absent an agreement between BorgWarner and the UAW.[*]

*United Steel Workers* does not alter the record before the Court, and BorgWarner urges the Court to grant it summary judgment either because Plaintiffs' benefits are not vested or because the May 2009 changes were reasonable under the *Reese* standard.

Dated: May 16, 2013

Respectfully submitted,

s/Bobby R. Burchfield
Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, District of Columbia 20001
202.756.8000
202.756.8087 fax

Elisa Angeli Palizzi (P52088)
(angeli@millercanfield.com)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
313.496.7635
313.963.6420 fax

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans*

---

[*] In fact, the language relied upon in *United Steel Workers* is not sufficiently broad to render *Reese* inapplicable in that case, and the court erred in holding as such.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013, I electronically filed the foregoing **BorgWarner's Response to Plaintiffs' Notice of Supplemental Authority** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

<u>s/Bobby R. Burchfield</u>
Bobby R. Burchfield
(bburchfield@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, District of Columbia 20001
202.756.8000
202.756.8087 fax