UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLARD L. SLOAN, EUGENE J. WINNINGHAM, and JAMES L. KELLEY,<br><br>                  Plaintiffs,<br><br>   v.<br><br>BORGWARNER INC., BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS INC., and BORGWARNER FLEXIBLE BENEFITS PLANS,<br><br>                  Defendants. | Case 2:09-cv-10918-PDB-MKM<br><br>U.S. District Judge Paul D. Borman<br><br>U.S. Mag. Judge Mona K. Majzoub |

**BORGWARNER'S MOTION TO CERTIFY SUMMARY JUDGMENT RULING FOR INTERLOCUTORY APPEAL**

BorgWarner moves for certification of the following issues for interlocutory appeal under 28 U.S.C. § 1292(b) (2012):

1. As a matter of law, does an explicit, written "agreement to disagree" executed by both the union and the employer about whether retiree health benefits are lifetime vested preclude a finding of vested retiree health benefits?

2. As a matter of law, does an express reservation of rights by the employer to "modify, amend, suspend or terminate the Plan or the Group Policies therein" that appears in a Health Insurance Agreement formally executed by the union and employer preclude a finding of vested retiree health benefits?

BorgWarner moved in this case for summary judgment because the unambiguous language of the collective bargaining agreements covering Plaintiffs demonstrates the absence of an agreement to vest. (R. 95, Defs.' Mot. 12–16.) The Court denied BorgWarner's motion and set the issue of vesting for a nonjury trial. (R. 127, Op. & Order 1–2.) As explained more fully in the accompanying brief in support, the Court's summary judgment ruling involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Accordingly, BorgWarner urges the Court to certify these issues for an interlocutory appeal and stay proceedings during the pendency of any application and appeal to the Sixth Circuit.

In accordance with Eastern District of Michigan Rule of Civil Procedure 7.1(a), BorgWarner sought Plaintiffs' concurrence in this motion. Plaintiffs do not concur in the motion.

Dated: April 22, 2014

Respectfully submitted,

s/Joshua David Rogaczewski

| | |
|---|---|
| Elisa Angeli Palizzi (P52088) | Bobby R. Burchfield |
| (angeli@millercanfield.com) | (bburchfield@mwe.com) |
| Miller, Canfield, Paddock and Stone, P.L.C. | Joshua David Rogaczewski |
| | (jrogaczewski@mwe.com) |
| 150 West Jefferson, Suite 2500 | McDermott Will & Emery LLP |
| Detroit, Michigan 48226 | The McDermott Building |
| 313.496.7635 | 500 North Capitol Street, Northwest |
| 313.963.6420 fax | Washington, D.C. 20001 |
| | 202.756.8000 |
| | 202.756.8087 fax |

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans*

iii

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLARD L. SLOAN, EUGENE J. WINNINGHAM, and JAMES L. KELLEY,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BORGWARNER INC., BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS INC., and BORGWARNER FLEXIBLE BENEFITS PLANS,<br><br>　　　　　　　Defendants. | Case 2:09-cv-10918-PDB-MKM<br><br>U.S. District Judge Paul D. Borman<br><br>U.S. Mag. Judge Mona K. Majzoub |

**BORGWARNER'S BRIEF IN SUPPORT
OF ITS MOTION TO CERTIFY SUMMARY
JUDGMENT RULING FOR INTERLOCUTORY APPEAL**

Elisa Angeli Palizzi (P52088)
(angeli@millercanfield.com)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
313.496.7635
313.963.6420 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans*

# CONCISE STATEMENT OF THE ISSUE PRESENTED

Should the Court certify for immediate appeal the following controlling issues of law?

1. As a matter of law, does an explicit, written "agreement to disagree" executed by both the union and the employer about whether retiree health benefits are lifetime vested preclude a finding of vested retiree health benefits?

2. As a matter of law, does an express reservation of rights by the employer to "modify, amend, suspend or terminate the Plan or the Group Policies therein" that appears in a Health Insurance Agreement formally executed by the union and employer preclude a finding of vested retiree health benefits?

# CONTROLLING OR MOST
# APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

28 U.S.C. § 1292 (2012)

## INTRODUCTION

Although orders denying summary judgment are not usually appealable immediately, the Court's denial of summary judgment to BorgWarner on the issue of vesting is appropriate for an interlocutory appeal under 28 U.S.C. § 1292(b) (2012). This is true for three reasons.

*First*, the issue of vesting presents controlling questions of law. Specifically, the vesting issue turns on the meaning of two unambiguous contract provisions, one showing that the parties did *not* have an agreement and one reserving to BorgWarner the right to "modify, amend, suspend or terminate" the benefits.

*Second*, although BorgWarner is confident that its view of the contract language is correct, there is substantial ground for a difference of opinion on the point, as demonstrated by the Court's fifty-three page opinion on summary judgment and the lack of controlling precedent on agreements to disagree and reservations of rights in summary plan descriptions that are embedded in collective bargaining agreements.

*Finally*, an interlocutory appeal on vesting may materially advance resolution of this case. In the absence of an appeal on vesting now, the parties face a nonjury trial on the vesting and, potentially, subsequent litigation—and another nonjury trial—on whether BorgWarner's changes to Plaintiffs' benefits satisfy the reasonableness standard in *Reese v. CNH America LLC*, 574 F.3d 315, 324–27 (6th

Cir. 2009). An interlocutory appeal resolved in BorgWarner's favor, however, will end this litigation.

Accordingly, BorgWarner urges the Court to certify these issues under 28 U.S.C. § 1292(b) for an immediate appeal and stay proceedings until the Sixth Circuit resolves the application for an interlocutory appeal and the appeal that would result from a successful application.[1]

## ARGUMENT

Unless it involves injunctive relief or is a collateral order, interlocutory orders are not usually immediately appealable. A district court may, however, certify an interlocutory order for immediate appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Negron v. United States*, 553 F.3d 1013, 1015 (6th Cir. 2009) (reviewing interlocutory summary judgment decision); *City of Detroit v. Michigan*, No. 10-12427, 2013 WL

---

[1] As the Court knows, BorgWarner will have ten days from an order granting this motion to ask the Sixth Circuit to allow the interlocutory appeal. 28 U.S.C. § 1292(b). BorgWarner requests the Court to stay proceedings before it to conserve both the Court's and the parties' resources while the Sixth Circuit considers BorgWarner's application, and then during the appeal if BorgWarner's application is granted.

1340108, at *4 (E.D. Mich. Apr. 3, 2013) (certifying summary judgment opinion and order for interlocutory appeal).

As explained below, the issue of vesting presents controlling questions of law as to which there is substantial ground for difference of opinion, and reversal on interlocutory appeal would materially advance the ultimate conclusion of this litigation because it would end this case on the merits. Section 1292(b) appeals are not unprecedented in retiree health cases. Indeed, the seminal case of *International Union, UAW v. Yard-Man, Inc.*, was reviewed under the appellate jurisdiction of § 1292(b). 716 F.2d 1471, 1478 (6th Cir. 1983).

## I. THE PARTIES' EXPRESS "AGREEMENT TO DISAGREE" ON THE ISSUE OF VESTING AND THE RESERVATION OF RIGHTS PRESENT CONTROLLING QUESTIONS OF LAW.

A court in the Sixth Circuit may infer that the parties agreed to vest retiree health benefits from circumstances indicating an intent to vest, but only if the inference would not "contradict the express text of the agreement or plan documents." (R. 127, Op. & Order 16–18 (citations omitted).) This Court found that the parties here expressly and unambiguously "agreed to disagree" on the issue of vesting in the 1990 ACME Agreement. (*Id.* at 50–51.) The Court also addressed the reservation of right provision in the Health Insurance Agreement. The Court's order denying summary judgment thus presents the following controlling questions of law:

3

1. As a matter of law, does an explicit, written "agreement to disagree" executed by both the union and the employer about whether retiree health benefits are lifetime vested preclude a finding of vested retiree health benefits?

2. As a matter of law, does an express reservation of rights by the employer to "modify, amend, suspend or terminate the Plan or the Group Policies therein" that appears in a Health Insurance Agreement formally executed by the union and employer preclude a finding of vested retiree health benefits?

These are "questions of law" within the meaning of 28 U.S.C. § 1292(b) because they involve "no substantial disputed facts." *Holliday v. Xerox*, 555 F. Supp. 51, 57 (E.D. Mich. 1982), *aff'd*, 732 F.2d 548 (6th Cir. 1984). As the Court already found, the parties "agreement to disagree" on the issue of vesting is unambiguous and "clearly communicated [BorgWarner's] intention not to vest retiree's heathcare benefits." (R. 127, Op. & Order 51.) Similarly, BorgWarner contends that the explicit reservation of rights in the HIA stands by itself as a bar to vesting with no further factual inquiry.

Thus, BorgWarner seeks the Sixth Circuit's determination whether this unambiguous language is dispositive of the vesting issue as a matter of law, *regardless* of any facts that might otherwise support application of the *Yard-Man* inference or other inferences available to Plaintiffs under Sixth Circuit law. Because the Sixth Circuit can decide this issue "quickly and cleanly without having to study the record . . . [and] without having to wait until the end of the

case," § 1292(b)'s "question of law" requirement is satisfied. *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 724 (E.D. Mich. 2002).[2]

Moreover, both of these questions of law are "controlling" because either of them could materially affect the outcome of the case and save the Court and the parties substantial time and resources. *See In re Baker & Getty Fin. Servs., Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992); *Eagan v. CSX Transp.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003). As explained below, this case will be over if BorgWarner prevails in its appeal of the vesting issue, whereas denial of certification to appeal will likely subject the Court and the parties to *years* of further litigation, including *two* potentially unnecessary trials. Thus, there can be little dispute the question of law that BorgWarner seeks to appeal is "controlling."

## II. SUBSTANTIAL GROUND EXISTS FOR A DIFFERENCE OF OPINION ON WHICH PARTY'S VIEW OF THE CONTRACT LANGUAGE IS CORRECT.

Substantial ground for a difference of opinion on the issues raised by an interlocutory order exists when

> (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult or of first

---

[2] Although the vesting issue has other aspects, BorgWarner seeks certification only whether the agreement to disagree or the SPD reservation of rights precludes vesting as a matter of law.

> impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*E.g.*, *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876–77 (E.D. Mich. 2012).

Although BorgWarner is confident that its view of the contract language is correct, there is substantial ground for a difference of opinion on the point. As evidenced by the Court's fifty-three page opinion on summary judgment, the issue of vesting in this case turns on difficult questions of law on which there is little, if any, precedent to guide the Court's decision. *See id.* at 878 (noting that the question resulted in a "very close call"). There are no previous decisions by the Sixth Circuit, for example, involving an agreement to disagree between the parties on the issue of vesting of retiree health benefits to guide the Court's decision in this case. *See id.* ("[T]his case indeed involved a difficult question on which there is little precedent or, at the very least, the solution was not substantially guided by previous decisions."). Moreover, as the Court recognized in its summary judgment opinion, the summary plan description (and its reservation of rights) embedded in the contract in this case "presents a novel question." (R. 127, Op. & Order 40.) Given that these are issues of first impression for the Court, there is substantial ground for a difference of opinion to warrant certification pursuant to 28 U.S.C. § 1292(b).

6

### III. REVERSAL ON INTERLOCUTORY APPEAL WOULD RESOLVE THIS CASE.

An interlocutory appeal under § 1292(b) may materially advance the ultimate conclusion of a case when appellate review can obviate the need for protracted litigation by ending this case on the merits. *See City of Detroit*, 2013 WL 1340108, at *3 ("An interlocutory appeal materially advances litigation when it saves judicial resources and expense." (internal quotation marks omitted)). That is clearly true in this case.

The parties are currently scheduled for a nonjury trial on the issue of vesting. Should Plaintiffs prevail at that trial, the parties face additional discovery and subsequent litigation on the issue of whether BorgWarner's changes to Plaintiffs' benefits are reasonable under *Reese*, 574 F.3d at 324–27. If the Court's order were reversed on appeal and summary judgment directed for BorgWarner, the case would be over. *See id.* ("The case is poised to enter the damage discovery phase and potentially to proceed to trial on the issues of breach of contract and damages. If the Court's decisions on the issues highlighted are reversed, litigation in this Court might be terminated, and the need for discovery would either be obviated or greatly diminished."). If, as BorgWarner believes, the contract language precludes vesting as a matter of law, then an interlocutory appeal will achieve the correct result, without unnecessary use of the Court's and the parties' resources.

## CONCLUSION

For the reasons set forth above, BorgWarner urges the Court to certify the issues set forth above for an interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings while the application to the Sixth Circuit for an appeal and any resulting appeal are pending.

Dated: April 22, 2014

Elisa Angeli Palizzi (P52088)
(angeli@millercanfield.com)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
313.496.7635
313.963.6420 fax

Respectfully submitted,

s/Joshua David Rogaczewski
Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2014, I electronically filed the foregoing **BorgWarner's Motion To Certify Summary Judgment Ruling for Interlocutory Appeal** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                                                   <u>s/Joshua David Rogaczewski</u>
                                                   Joshua David Rogaczewski
                                                   (jrogaczewski@mwe.com)
                                                 McDermott Will & Emery LLP
                                                 The McDermott Building
                                                 500 North Capitol Street, Northwest
                                                 Washington, D.C. 20001
                                                 202.756.8195
                                                 202.591.2757 fax