UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLARD L. SLOAN, EUGENE J.
WINNINGHAM, and JAMES L. KELLEY,
on behalf of themselves and a similarly
situated class,

                    Plaintiffs,

v.

BORGWARNER, INC., BORGWARNER
FLEXIBLE BENEFITS PLANS and
BORGWARNER DIVERSIFIED
TRANSMISSION PRODUCTS, INC.,

                    Defendants.

Case No. 09-cv-10918
Hon. Paul D. Borman
Magistrate Mona K. Majzoub

**Class Action**

_____/

David R. Radtke (P47016)
Roger J. McClow (P27170)
Patrick J. Rorai (P65091)
KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
248-354-9650; fax 248-354-9656
dradtke@kmsmc.com
rmcclow@kmsmc.com
prorai@kmsmc.com

Bobby R. Burchfield
Joshua D. Rogaczewski
McDERMOTT WILL & EMERY
Attorneys for Defendants
600 Thirteenth St., N.W.
Washington, D.C. 20005
202-756-8000; fax 202-756-8087
bburchfield@mwe.com
jrogaczewski@mwe.com

Elisa Angeli Palizzi (P52088)
MILLER, CANFIELD, PADDOCK
& STONE, P.L.C.
Attorneys for Defendants
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
313-496-7635; fax 313-963-6420
angeli@millercanfield.com

_____/

# PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY SUMMARY JUDGMENT RULING FOR INTERLOCUTORY APPEAL

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

         A.      Standard to Certify A Matter for Interlocutory Appeal. . . . . . . . . . . 3

         B.      Defendant Fails To Show That A Substantial Ground Exists For a Difference Of Opinion Regarding The Correctness of the Court's Ruling. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

         C.      An Interlocutory Appeal Will Only Delay -- Not Advance -- The Ultimate Resolution of This Case. . . . . . . . . . . . . . . . . . . . . . . 5

         D.      The Court's Order Does Not Present Controlling Questions of Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         E.      *Reese* Reasonableness Standard Is Not Applicable to This Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# **TABLE OF AUTHORITIES**

*In re ASC, Inc.*, 386 B.R. 187 (E.D. Mich.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re City of Memphis*, 293 F.3d 345 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . 3, 6

*In re Dow Corning Corp.*, 255 B.R. 445 (E.D. Mich. 2000) . . . . . . . . . . . . . . . . . . 3

*Eagan v. CSX Transp., Inc.*, 294 F. Supp.2d 911 (E.D. Mich. 2003) . . . . . . . . . 4, 5

*Newsome vs. Young Supply Co.*, 873 F. Supp. 2d 872 (E.D. Mich 2012) . . . . . . . . 5

*Reese v. CNH America, LLC,* 574 F.3d 315 (6th Cir. 2009) . . . . . . . . . . . . . . . . 7, 8

*UAW v. Yard-Man*, 716 F.2d 1476 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*United Steel, Paper and Forestry, Rubber, Manufacturing, Energy,
Allied Industrial and Service Workers, International Union
v. Kelsey-Hayes Company*, Case No. 13-1717 (April 22, 2014) . . . . . . . . . . . . . . . 7

*W. Tenn. Chapter of Assoc. Builders & Contrs., Inc.
v. City of Memphis*, 138 F. Supp 2d 1015 (W.D. TN 2000)) . . . . . . . . . . . . . . . . . 5

I.  **FACTS**

In February 2009, BorgWarner announced that it was going to drastically reduce retiree health care benefits for pre-Medicare retirees and surviving spouses and stop providing health care benefits for Medicare-eligible retirees and surviving spouses on May 1, 2009. (Dkt. #104-1, Exs. 17, 18, 19) On March 11, 2009, Plaintiffs filed the instant lawsuit on behalf of a similarly situated class of retirees and surviving spouses of retirees and asserting that Defendant's unilateral reduction and elimination of retiree health care benefits violated collectively bargained health insurance agreements and ERISA. (Dkt. #1) Over the past five years and two months, the parties have exchanged tens of thousands of pages of documents and conducted over a dozen depositions. Discovery closed in March 2012 and cross motions for summary judgment were filed in May 2012.

On February 27, 2014, the Court issued an Opinion and Order denying both parties' motions for summary judgment on the issue of vesting. (Dkt. # 127) The 53 page Opinion and Order analyzed the law and the facts and determined that the collectively bargained Health Insurance Agreements ("HIA") were ambiguous on the issue of vesting, viewing the facts in light most favorable to the non-moving parties and that genuine issues of material fact exist as to the parties' intent to vest (or not) retiree health care benefits. (Dkt. #127, p. 52)

Subsequently, the Court issued a Scheduling Order setting August 4, 2014 for

the Final Pre-Trial Order, August 11, 2014 for the Final Pre-Trial Conference and a trial date to be named later.

Incredibly, on April 22, 2014, nearly two months after the Court's Opinion and Order was issued, and after the trial Scheduling Order was set and then re-set, Defendant filed a Motion to Certify Summary Judgment Ruling for Interlocutory Appeal. BorgWarner claims that an "agreement to disagree" provision in the 1990 Agreement on Modification and Extension of Existing Labor Contract (ACME Agreement") and in the 2009 plant Shutdown Agreement precludes a finding of vested retiree health care benefits as a matter of law. This Court, in its Opinion and Order, found that the "agreements to disagree" in the ACME Agreement and in the Plant Shutdown Agreement are issues of fact that are interwoven with the over 20 years of collectively bargained HIAs and the extrinsic evidence that relates to the interpretation of those agreements. The Court reached its conclusion after a significant analysis of the factual evidence that relates to the HIAs, the "agreements to disagree" and the extrinsic evidence. The interpretation of the "agreements to disagree" is not a matter of law, it is a matter of fact. (Dkt. #127, pp. 51-52) Therefore, the court of appeals will not be able to decide that issue absent a trial on the merits as to the meaning of those provisions.

BorgWarner also alleges that a reservation of rights clause, which was unilaterally written by BorgWarner three years after the 1989 HIA was negotiated, and

was appended to the 1989 HIA, precludes a finding of vested retiree health care benefits as a matter of law. This Court discussed the reservation of rights clause at length in the Order. (Dkt. #127, pp. 7, 24-26, 30-31, 38-42, 46-47) The Court concluded that based on the extensive case law on these clauses, there was a genuine issue of fact as to whether the unilaterally issued reservation of rights clause affected Plaintiffs' claim that the retiree health care benefits were vested. Once again, this is an issue of fact -- not an issue of law.

## II. ARGUMENT

### A. Standard to Certify A Matter for Interlocutory Appeal.

In determining whether to certify a matter for interlocutory appeal under 28 U.S.C. §1292(b), the court must decide whether "(1) the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). "Review under § 1292(b) is granted sparingly and **only in exceptional cases**." *Id*. [emphasis added] The burden is on the party seeking to certify for appeal an interlocutory order to establish that exceptional circumstances justifies departure from the basic principle of postponing appellate review until after entry of final judgment. *In re Dow Corning Corp*., 255 B.R. 445 (E.D. Mich. 2000).

**B.      Defendant Fails To Show That A Substantial Ground Exists For a Difference Of Opinion Regarding The Correctness of the Court's Ruling**.

Under 28 U.S.C. §1292(b), a substantial ground for difference of opinion exists only when: (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the question. *Eagan v. CSX Transp., Inc*., 294 F. Supp.2d 911, 916 (E.D. Mich. 2003).

Here, the Court is presented with an issue of straight-forward contract interpretation – not a difficult or novel question of law.   The question of law present in this case (i.e. whether retiree healthcare benefits are vested) has been litigated for decades.  See *UAW v. Yard-Man*, 716 F.2d 1476 (6th Cir. 1983) and its progeny. There is substantial precedent on this issue.  (See Dkt. #127, *passim.*)

The issues raised by BorgWarner as reasons for Interlocutory Appeal are: (1) issues of fact -- not issues of law; and (2) are straight-forward contract interpretation issues that do not meet any of the tests set forth in *Eagan*.  The existence of an "agreement to disagree" provision in the ACME Agreement or the Plant Shutdown Agreement does not create a legal question of first impression within this circuit -- it merely presents a unique issue of fact for the court to resolve at trial.  The interpretation of RORs and SPDs has been the part of numerous cases in this circuit.

These issues are not difficult or novel matters of law.

The Defendant also fails to set forth a difference of opinion within the Sixth Circuit or a split of opinion among the federal appellate courts which justify interlocutory appeal. As Defendant fails to establish that this is an ***exceptional*** case to warrant immediate review, its Motion must be denied.

> **C.   An Interlocutory Appeal Will Only Delay -- Not Advance -- The Ultimate Resolution of This Case.**

An interlocutory appeal materially advances the ultimate termination of the litigation when judicial economy is best served. *Eagan v. CSX Transp. Inc.*, 294 F. Supp. 2d at 916. "Interlocutory appeal is most appropriate early in the proceedings. In contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made." *Newsome vs. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich 2012) (citing *W. Tenn. Chapter of Assoc. Builders & Contrs., Inc. v. City of Memphis*, 138 F. Supp 2d 1015, 1026 (W.D. TN 2000))

Here, this case is over five years old and has been extensively litigated. Discovery has long been completed and the parties are on the cusp of trial. A premature appeal and unnecessary stay will only serve to further delay the ultimate resolution of this litigation -- not advance its conclusion. Further, an interlocutory appeal will not substantially save judicial resources or litigation expenses as those resources have already been expended. As judicial economy will not be served by an

-5-

interlocutory appeal, Defendant's Motion must be denied.

### D. The Court's Order Does Not Present Controlling Questions of Law.

Controlling questions do not include issues within the trial court's discretion or that require the reviewing court to study the record or find facts. *In re City of Memphis*, 293 F.3d at 350; *In re ASC, Inc.*, 386 B.R. 187, 196 (E.D. Mich.2008). Contrary to Borg Warner's contention, the Court's Order denying summary judgement does not present any controlling questions of law ripe for appeal -- it presents genuine issues *of fact* ripe for trial. The Court's Order clearly states that "genuine issues of material fact exist on the question of the parties' intent to vest (or not) retiree health care benefits." (Dkt. #127, p. 52) These issues include: (1) whether the "agreement to disagree" language contained in the 1990 ACME is evidence of the parties intent to vest retiree healthcare benefits; (2) whether the reservation of rights (ROR) language included in the 1989 HIA was negotiated by the parties or unilaterally appended to the HIA by Borg Warner; (3) whether the ROR did, in fact, reserve a unilateral right to terminate health care benefits; and (4) whether extrinsic evidence shows an intent to vest. Defendant's Motion effectively seeks appellate review over issues of fact that are solely within this Court's discretion to resolve at trial and clearly require fact finding that precludes interlocutory review under 28 U.S.C. §1292(b).

**E.    *Reese* Reasonableness Standard Is Not Applicable to This Case.**

The Defendant's Motion claims that:

> [i]n the absence of an appeal on vesting now, the parties face a non-jury trial on the vesting and, potentially, subsequent litigation -- and another non-jury trial -- on whether BorgWarner's changes to Plaintiffs' benefits satisfy the reasonable standard in *Reese v. CNH America, LLC,* 574 F.3d 315, 324-27 (6th Cir. 2009). An interlocutory appeal resolved in BorgWarner's favor, however, will end this litigation. (Dkt. #130, pp. 1-2)

Subsequent to Defendant's Motion, the Sixth Circuit Court of Appeals issued a decision in *United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union v. Kelsey-Hayes Company*, Case No. 13-1717 (April 22, 2014) which narrowed the holding in *Reese* to its facts. (Ex. 1) The *United Steel* court stated:

> In sum, the *Reese* courts concluded that there, the scope of the vested right to health care could be unilaterally altered because that is what the evidence indicated the parties intended in that case, not because ***all*** vested health care rights in ***all*** CBAs are subject to unilateral alteration as a matter of law. (Emphasis supplied.)

*Id.* at 10.

The court's decision in *United Steel,* which refused to apply the "reasonable standard" announced in *Reese* broadly to all retiree health care cases eliminates BorgWarner's concerns about two trials. This Court will issue a decision as to

-7-

whether the benefits are vested after a trial and that will be the end of the litigation at the district court level. In keeping with the long, long line of cases going back to *UAW v. Yard-Man*, if the benefits are vested, BorgWarner's unilateral changes implemented on May 1, 2009 violated the parties' collectively bargained agreements and ERISA. There will be no need for a second trial as to whether the changes were "reasonable" because BorgWarner's broad reading of *Reese* that it applies to all vested health care rights, including this case, is wrong.

## III. CONCLUSION

For the above-stated reasons, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By: */s/ David R. Radtke*
  DAVID R. RADTKE (P47016)
  ROGER J. McCLOW (P27170)
  PATRICK J. RORAI (P65091)
  Attorneys for Plaintiffs
  400 Galleria Officentre, Suite 117
  Southfield, MI 48034
  (248) 354-9650
  dradtke@michworklaw.com
  rmcclow@michworklaw.com
  prorai@michworklaw.com

Dated: May 8, 2014

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it upon:

Bobby R. Burchfield                                    Elisa Angeli Palizzi
Joshua D. Rogaczewski

                                Respectfully submitted,

                                McKNIGHT, McCLOW, CANZANO,
                                SMITH & RADTKE, P.C.

                                By: */s/ David R. Radtke*
                                  DAVID R. RADTKE (P47016)
                                  ROGER J. McCLOW (P27170)
                                  PATRICK J. RORAI (P65091)
                                  Attorneys for Plaintiffs
                                  400 Galleria Officentre, Suite 117
                                  Southfield, MI  48034
                                  (248) 354-9650
                                  dradtke@michworklaw.com
                                  rmcclow@michworklaw.com
                                  prorai@michworklaw.com

P:\RHC Cases\BorgWarner\2009 MI Lawsuit\Pleadings\PLs Response Motion Certify Appeal.wpd