UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| WILLARD L. SLOAN, EUGENE J. WINNINGHAM, and JAMES L. KELLEY, | |
| Plaintiffs, | Case 2:09-cv-10918-PDB-MKM |
| v. | U.S. District Judge Paul D. Borman |
| BORGWARNER INC., BORGWARNER DIVERSIFIED TRANSMISSION PRODUCTS INC., and BORGWARNER FLEXIBLE BENEFITS PLANS, | U.S. Mag. Judge Mona K. Majzoub |
| Defendants. | |

**BORGWARNER'S REPLY IN SUPPORT
OF ITS MOTION TO CERTIFY SUMMARY
JUDGMENT RULING FOR INTERLOCUTORY APPEAL**

Elisa Angeli Palizzi (P52088)
(angeli@millercanfield.com)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
313.496.7635
313.963.6420 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products
Inc., and BorgWarner Flexible Benefits Plans*

# INTRODUCTION

Plaintiffs offer no compelling argument for denial of BorgWarner's motion to certify two discreet issues for immediate interlocutory appeal under 28 U.S.C. § 1292(b) (2012).[*] Immediate appeal complies with the criteria set forth in § 1292(b) and serves the interests of judicial economy for three reasons. *First*, as explained in BorgWarner's certification motion, the Court's order presents two controlling questions of law:

1. As a matter of law, does an explicit, written "agreement to disagree" executed by both the union and the employer about whether retiree health benefits are lifetime vested preclude a finding of vested retiree health benefits?

2. As a matter of law, does an express reservation of rights allowing the employer to "modify, amend, suspend or terminate the Plan or the Group Policies therein" that appears in a Health Insurance Agreement formally executed by the union and employer preclude a finding of vested retiree health benefits?

Unable to dispute that these are indeed controlling legal questions, Plaintiffs ignore them and focus instead on the factual questions to be addressed if there is a trial. *Second*, as shown by the Court's fifty-three page summary judgment opinion and

---

[*] Since BorgWarner filed its motion, the Supreme Court of the United States granted the petition for writ of certiorari in *M&G Polymers USA v. Tackett*, No. 13-1010, 2014 WL 695072, at *1 (U.S. May 5, 2014), to review the Sixth Circuit's unique *Yard-Man* framework for addressing vesting, with a decision expected next term. Although a Supreme Court decision rejecting the *Yard-Man* framework might provide independent reasons to reject vesting in this case, BorgWarner's current motion argues that Plaintiffs cannot establish vesting even under *Yard-Man*.

the lack of controlling authority, there is substantial ground for a difference of opinion on these issues. *Finally*, reversal on interlocutory appeal would materially advance the ultimate conclusion of this litigation because it would end this case on the merits and avoid two potentially unnecessary trials. Importantly, Plaintiffs are mistaken about the applicability of *Reese v. CNH America LLC*, 574 F.3d 315, 324–27 (6th Cir. 2009). Even if Plaintiffs were successful at the trial on vesting, further litigation would be necessary to determine if the changes to their benefits are reasonable.

I. **THE PARTIES' EXPRESS "AGREEMENT TO DISAGREE" ON THE ISSUE OF VESTING AND THE RESERVATION OF RIGHTS PRESENT CONTROLLING QUESTIONS OF LAW.**

As BorgWarner explained in its motion, the issues to be decided on interlocutory appeal are whether either (1) an explicit "agreement to disagree" on the issue of vesting, which the Court found is unambiguous, or (2) an express reservation of rights provision in the HIA, or both, defeat vesting as a matter of law. (R. 130, Defs.' Mot. 4; R. 127, Op. & Order 51.) Plaintiffs cannot deny that determination of ambiguity and construction of unambiguous contract provisions are legal tasks for the Court. Instead Plaintiffs focus on questions of fact that would be decided at a trial if the terms are deemed ambiguous. (R. 131, Pls.'Opp'n 6.) Contrary to Plaintiffs' assertion, BorgWarner is not asking the Sixth Circuit to "review" the factual questions this Court wants to try. If it allows an immediate

appeal, the Sixth Circuit would review whether this Court committed legal error by denying summary judgment based on a legally erroneous construction and application of the agreement to disagree and reservations-of-rights provision.

As Plaintiffs implicitly concede, the Court's determination that the contract was ambiguous and its construction of the contract are questions of law. *Yolton v. El Paso Tenn. Pipeline Co.*, 435 F.3d 571, 577 (6th Cir. 2006) ("Questions of contract interpretation are generally considered questions of law . . . ." (internal quotation marks omitted)); *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1025 (6th Cir. 2001) ("Whether a contract term is ambiguous is a question of law for the court to determine."). The Court found the parties' agreement to disagree on the issue of vesting to be unambiguous and that it "clearly communicated [BorgWarner's] intention not to vest retiree's healthcare benefits." (R. 131, Defs.' Mot. 4 (citing R. 127, Op. & Order 51).) The Court reached the same conclusion regarding the SPD reservation of rights. (R. 127, Op. & Order 38 ("[E]ach HIA contained a [SPD] containing a reservation of rights . . . clause stating BorgWarner's intention to continue benefits but expressly reserving the right to modify or discontinue those benefits.").)

The Court's difficulty squaring other provisions of the contract with this unambiguous language does not make the contract ambiguous. As the Sixth Circuit has recently held, those other provisions would not trump the definitive language

3

defeating vesting. *See Witmer v. Acument Global Techs., Inc.*, 694 F.3d 774, 775–76 (6th Cir. 2012) (holding that, when a CBA unambiguously disclaims vesting, benefits are not vested even if other provisions might otherwise suggest vesting). If the Sixth Circuit agrees that the unambiguous "agreement to disagree" or the SPD reservation of rights controls on the vesting issue, the case would end, avoiding one and perhaps two potentially unnecessary trials.

## II. SUBSTANTIAL GROUNDS EXIST FOR A DIFFERENCE OF OPINION ON WHICH PARTY'S VIEW OF THE CONTRACT LANGUAGE IS CORRECT.

In arguing that there is not a substantial difference of opinion, Plaintiffs depict their case as a simple vesting case, for which ample authority exists under Sixth Circuit law. (*See* R. 131, Pls.' Opp'n 4–5.) Plaintiffs overlook the absence of Sixth Circuit law addressing directly whether an agreement to disagree on vesting or a reservation of rights in a CBA precludes vesting. As the Court noted correctly, these questions are "novel." (R. 127, Op. & Order 40); *see Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876–77 (E.D. Mich. 2012) (finding substantial ground for difference of opinion on issues raised by interlocutory order exist when "the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions"). And, as demonstrated by the Court's fifty-three page opinion on summary judgment, the two issues BorgWarner has asked the Court to certify are

4

hardly "issue[s] of straight-forward contract interpretation," as Plaintiffs contend. (R. 131, Pls.' Mot. 4.) On the contrary, they are both difficult questions of law with no controlling authority.

### III. REVERSAL ON INTERLOCUTORY APPEAL WOULD RESOLVE THIS CASE AND AVOID ONE OR EVEN TWO POTENTIALLY UNNECESSARY TRIALS.

Plaintiffs contend that an interlocutory appeal will delay the ultimate resolution of this case. (R. 131, Pls.' Mot. 5–6). This argument misconstrues § 1292(b), which requires only that "an immediate appeal from the order *may* materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b) (emphasis added). There can be no doubt that this part of the standard is met in this case. If the Court's order were reversed on appeal and summary judgment directed for BorgWarner, it would end the case and eliminate the need for a trial on vesting. *See Susan B. Anthony List v. Driehaus*, No. 1:10-CV-720, 2011 WL 5299378, at *2 (S.D. Ohio Nov. 2, 2011) ("An immediate appeal from the Order may well materially advance the ultimate termination of the litigation because a reversal would end the case . . . ."). Even if the Sixth Circuit affirms the denial of summary judgment, its review of the agreement to disagree and reservation of rights clauses may assist this Court in the vesting trial.

A successful interlocutory appeal by BorgWarner will also obviate a trial on the *Reese* issues in this case. Contrary to Plaintiffs' misguided reading of *United*

5

*Steel Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.*, No. 13-1717, 2014 WL 1585794 (6th Cir. Apr. 22, 2014), *Reese* continues to apply in this case. Just as in *Reese*, even if Plaintiffs' benefits are found to be vested, they were not treated as unchangeable. As explained in BorgWarner's motion for summary judgment, the parties agreed to increased prescription drug co-payments for existing retirees in 1998 and the extension of an annual five-percent increase of the network deductibles for past retirees in 2000. (R. 125, Defs.' Mot. Summ. J. 11.) Thus, should Plaintiffs prevail at the trial on the issue of vesting, they would also need to prevail at a second trial on whether BorgWarner's changes are reasonable under *Reese*, 574 F.3d at 324–27. If, however, the contract language precludes vesting as a matter of law as BorgWarner contends, an interlocutory appeal would render *both* trials unnecessary.

## CONCLUSION

For the reasons set forth above, BorgWarner urges the Court to certify the issues set forth in its motion for an interlocutory appeal under 28 U.S.C. § 1292(b) and to stay proceedings while the application to the Sixth Circuit for an appeal and any resulting appeal are pending.

Dated: May 19, 2014

Respectfully submitted,

s/Joshua David Rogaczewski

Elisa Angeli Palizzi (P52088)
(angeli@millercanfield.com)
Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
313.496.7635
313.963.6420 fax

Bobby R. Burchfield
(bburchfield@mwe.com)
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8000
202.756.8087 fax

*Attorneys for BorgWarner Inc., BorgWarner Diversified Transmission Products Inc., and BorgWarner Flexible Benefits Plans*

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2014, I electronically filed the foregoing **BorgWarner's Reply in Support of Its Motion To Certify Summary Judgment Ruling for Interlocutory Appeal** with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

<u>s/Joshua David Rogaczewski</u>
Joshua David Rogaczewski
(jrogaczewski@mwe.com)
McDermott Will & Emery LLP
The McDermott Building
500 North Capitol Street, Northwest
Washington, D.C. 20001
202.756.8195
202.591.2757 fax
