UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLARD L. SLOAN, EUGENE J.
WINNINGHAM, JAMES L. KELLEY,
on behalf of themselves and a similarly
situated class,

          Plaintiffs,

v.

BORGWARNER, INC., BORGWARNER
FLEXIBLE BENEFITS PLANS and
BORGWARNER DIVERSIFIED
TRANSMISSION PRODUCTS, INC.,

          Defendants.
_____/

Case No. 09-cv-10918

Paul D. Borman
United States District Judge

ORDER DENYING BORGWARNER'S MOTION TO CERTIFY SUMMARY JUDGMENT
RULING FOR INTERLOCUTORY APPEAL (ECF NO. 130)

      Before the Court is Defendants Borgwarner, Inc., Borgwarner Flexible Benefits Plans, and Borgwarner Diversified Transmission Products, Inc.'s ("Borgwarner") Motion to Certify Summary Judgment Ruling for Interlocutory Appeal. (ECF No. 130.) Plaintiffs filed a Response (ECF No. 131) and Defendants filed a Reply (ECF No. 132). The Court has determined that oral argument will not aid the Court in determining the merits of the motion. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court DENIES the motion to certify the Court's ruling on summary judgment for interlocutory appeal.

      The Court's summary judgment ruling is an interlocutory order not subject to an immediate appeal absent a determination that the Court's ruling "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

1

order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). The Sixth Circuit has cautioned that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Although § 1292(b) does not place a specific limit on the time for filing in the district court a motion to certify a ruling for interlocutory appeal, courts have determined that a reasonableness standard applies to the timeliness issue in the district court. *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 915 (E.D. Mich. 2003) (noting that while the ten-day time limit set forth in § 1292(b) applies only to the time frame within which a party may appeal the district court's certification order, motions to certify an issue for interlocutory appeal still must be filed in the district court within a "reasonable" time). *See Ahrenholz v. Bd. of Trustees of University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000) (noting that there is a "nonstatutory requirement" to be considered by a district court reviewing a motion filed under § 1292(b) that the "petition must be filed in the district court within a reasonable time after the order sought to be appealed") (citing *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). Unexplained delays of two months have routinely been found unreasonable. *See McKinstry v. Sergent*, No. 11-133, 2012 WL 3731304, at *3-4 (E.D. Ky. Aug. 28, 2012) (noting that "courts generally require such requests to 'be filed in the district court within a reasonable time after the order sought to be appealed'") (quoting *Ahrenholz*, *supra*). The district court in *McKinstry* analogized to the time frames applicable to certain post-judgment deadlines and found the 28-day delay in filing the motion to certify in that case to be reasonable, distinguishing a line of cases finding delays of one and a half to two months to be unreasonable. *Id*. at *4 (citing *In re Yasmin & Yaz Mktg.*, No. 09-md-02100, 2012 WL 662334, at * 1 (S.D.Ill. Feb. 29, 2012) (finding that a

two-month delay was unreasonable); *Lindley v. Life Investors Ins. Co. of Am.*, No. 08-cv-0379, 2010 WL 2465515, at *2–3 (N.D. Okla. June 11, 2012) (finding a two-and-a-half month delay unreasonable); *Fabricant v. Sears Roebuck & Co.*, No. 98-1281, 2001 WL 883303, at * 1 (S.D. Fla. Jan. 29, 2001) (noting that "[i]n the context of requests for interlocutory appeals, timely requests for certification are calculated in days, not months" and concluding that defendants delay of 46 days without explanation or excuse was unreasonable).

Borgwarner filed its motion to certify the Court's summary judgment ruling for interlocutory appeal nearly two months to the day after the Court issued its summary judgment ruling. Moreover, in those intervening two months, the Court issued two amended scheduling orders setting forth final pre-trial dates. At no time did Borgwarner indicate its intent to seek an interlocutory appeal. In neither its motion nor its reply does Borgwarner offer any excuse for this delay. Under the circumstances of this longstanding litigation and Borgwarner's counsel's extensive familiarity with the issues, the Court finds that Borgwarner's delay in seeking an interlocutory appeal was unreasonable. While the Court does not find this delay dispositive given Borgwarner's failure to demonstrate the substantive grounds for interlocutory appeal, it considers the delay a factor, but not a controlling factor, in deciding whether to exercise its discretion under § 1292(b).

Timeliness aside, the Court concludes that Borgwarner has failed to demonstrate that the "agreement to disagree" and the "reservation of rights" in the SPD, the only two aspects of the vesting issue on which Borgwarner seeks certification, present controlling issues of law as to which there is substantial ground for difference of opinion. As the Court explained at length in its summary judgment ruling, the context in which these provisions were drafted, adopted and/or agreed to, remains subject to factual dispute and will bear on the ultimate resolution of the vesting issue in

this case. The "agreement to disagree" stated with equal clarity both parties' diametrically opposed interpretations of the governing contract language with regard to vesting - standing alone it provides neither side with a clear interpretive victory and presents no difficult or novel legal issue. With respect to the reservation of rights language, Plaintiffs presented evidence in support of their suggestion that in fact this was not a "negotiated" provision of the CBA. Further, if analyzed as a separately issued reservation of rights, ambiguities would persist regarding whether the language is sufficiently unqualified with regard to existing or future collectively bargained agreements to be enforceable. The agreement to disagree and the reservation of rights in this case do not present difficult or novel legal questions of first impression - they present at most novel factual variations on a well developed legal theme.

Moreover, the Court concludes that a future Supreme Court decision in *M&G Polymers USA, LLC v. Tackett*, cert. granted, __S.Ct.__, 2014 WL 695072 (May 5, 2014), will likely require this Court to revisit its summary judgment ruling and may require a different analysis that could affect the ultimate resolution of this case. The Court finds support for its conclusion regarding the significance of *Tackett* in the Sixth Circuit's recent decision to grant the appellants' motion to stay consideration of the petition for rehearing in *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Service Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.,* No. 13-1717 (6th Cir. May 19, 2014), pending the Supreme Court's ruling in *Tackett*.

Borgwarner acknowledges that *Tackett* may change the legal landscape in the Sixth Circuit on vesting, but maintains that its motion for certification presents novel issues of law, the resolution of which will mandate a decision in its favor even under the prevailing *Yard-Man*[1] framework that

---

[1] *UAW v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983).

4

is the subject of the *Tackett* appeal. The Court disagrees. As discussed above, Borgwarner's motion fails to demonstrate any difficult or novel issue of law presented by the Court's summary judgment ruling and the factual issues that remain most assuredly will be affected, one way or the other, by the Supreme Court's resolution of the vesting issue in *Tackett.* Even were the Court to agree that its summary judgment ruling presented controlling issues of law, the Court would see no advantage to certifying an issue to the Sixth Circuit as to a matter of law on which the Supreme Court is slated to opine in its next term.

For these reasons, the Court DENIES Borgwarner's motion to certify the Court's summary judgment ruling for interlocutory appeal.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 28, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 28, 2014.

s/Deborah Tofil  
Case Manager

5