UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLARD L. SLOAN, EUGENE J.
WINNINGHAM, and JAMES L. KELLEY,
on behalf of themselves and a similarly
situated class,

        Case No. 09-cv-10918
        Hon. Paul D. Borman

      Plaintiffs,

        Magistrate Mona K. Majzoub

v.

        **Class Action**

BORGWARNER, INC., BORGWARNER
FLEXIBLE BENEFITS PLANS and
BORGWARNER DIVERSIFIED
TRANSMISSION PRODUCTS, INC.,

      Defendants.
_____/

David R. Radtke (P47016)
Roger J. McClow (P27170)
Patrick J. Rorai (P65091)
McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI  48034
248-354-9650; fax 248-354-9656
dradtke@kmsmc.com
rmcclow@kmsmc.com
prorai@kmsmc.com

Bobby R. Burchfield
Joshua D. Rogaczewski
McDERMOTT WILL & EMERY
Attorneys for Defendants
600 Thirteenth St., N.W.
Washington, D.C.  20005
202-756-8000; fax 202-756-8087
bburchfield@mwe.com
jrogaczewski@mwe.com

Elisa Angeli Palizzi (P52088)
MILLER, CANFIELD, PADDOCK
& STONE, P.L.C.
Attorneys for Defendants
150 W. Jefferson Avenue, Suite 2500
Detroit, MI 48226
313-496-7635; fax 313-963-6420
angeli@millercanfield.com
_____/

# PLAINTIFFS' POSITION STATEMENT
## ON THE DECISION OF
### *M&G POLYMERS USA, LLC V. TACKETT*, 135 S.Ct. 926 (2015)

Plaintiffs file this Position Statement on the impact of the Supreme Court's decision in *M&G Polymers USA, LLC v. Tackett,* 135 S.Ct. 926 (2015) in response to the Court's Order of February 17, 2015.  The Plaintiffs' position is that the Court's decision in *Tackett* should have no impact on this Court's Opinion and Order denying Defendant's Motion for Summary Judgment on the issue of vesting.  Because the Court's Decision in *Tackett* does not impact this Court's Order, the case should be set for trial on the issue of whether Plaintiffs' health care benefits are lifetime vested benefits.

In *Tackett,* the Court rejected the inference set forth originally in *UAW v. Yard-Man, Inc.*, 716 F.2d 1476, 1479 (1983) that parties to collective bargaining would intend retiree benefits to vest for life because it found that the inference was not grounded on record evidence, but instead from suppositions of likely behavior in collective bargaining which the Court found "too speculative and too far removed from the context of any particular contract to be useful in discerning the parties' intention" and thus "rest on shaky factual foundation."  *Id.* at 935.

However, the Court's rejection of the so-called *Yard-Man* inference does not preclude the conclusion that parties intended to vest lifetime benefits for retirees.  *Id.* at 937, citing *Litton Financial Printing Div. v. NLRB,* 501 U.S. 190 (1991).  In *Litton,* the Court held that a CBA's expiration does not end "obligations already fixed

under the contract but as yet unsatisfied," that rights "accrued or vested" will "as a general rule, survive [a CBA's] termination," that post-expiration rights may "arise" from "the express or implied terms of the agreement itself," and that whether obligations survive a CBA's expiration is "determined by contract interpretation." 501 U.S. at 203, 206-207.

*Tackett* directed courts to make an individualized application of "the ordinary principles of contract law" in the "context" of each "particular" contract, based on the whole agreement, "record evidence," and "known customs" with "affirmative evidentiary support," to "ascertain the intention of *the parties*." 135 S.Ct. at 933, 935 and *passim* (citations omitted, emphasis by the Court).

The concurrence in *Tackett* makes clear that under *Litton* and ordinary contract principles, "no rule requires 'clear and express' language in order to show that the parties intended health-care benefits to vest." *Id*. at 938 (citing *Litton,* 501 U.S. at 203, 207). The concurrence states that the Court's opinion is consistent with this principle. *Id.* The fact that the Court remanded the *Tackett* case affirmatively shows that the decision does not hold that only explicit terms can promise vesting or that general durational clauses always control. *Id.* at 930, 937.[1]

---

[1] The CBA in *Tackett* had a general durational clause and a less than an explicit term providing that retirees receiving a pension "will receive" a company contribution towards health care, yet the Court remanded the case for further consideration without use of the *Yard-Man* inference. *Id. at 931.

-2-

In this Court's Order denying the parties' Motions for Summary Judgment, the Court referenced the *Yard-Man* inference, but did not rely upon it in denying Defendant's Motion for Summary Judgment. (Dkt. #127 pp. 16-18) In fact, the Court's Order stated that "in the face of express, unambiguous contractual language disclaiming an intent to vest, the inferences suggested by *Yard-Man* and its progeny cannot be invoked to contradict the explicit language of the negotiated contracts. (Dkt. #127 p. 18)

Here, the Court ***did not*** find unambiguous contractual language disclaiming an intent to vest. Instead, the Court found that the Health Insurance Agreements ("HIAs") negotiated by the UAW and BorgWarner contained contractual evidence of an intent to vest. (Order at pp. 19-24) This Court found that the HIAs at issue tied eligibility for retiree health care benefits to eligibility for pension benefits which manifested an intent to create lifetime health care benefits. (Dkt. #127 pp. 34-35) In the *Tackett* concurrence, the tie between pension benefits and retiree health care benefits was found to be relevant in determining whether the health care benefits are vested. 135 S.Ct. at 938.

This Court also found that the general durational term in the HIAs did not manifest an intent that the benefits were not vested and that there were other provisions in the HIAs which supported a conclusion that the parties intended to vest retiree health care benefits. (Dkt. #127 at 35-37, 43-44) The Court also found

-3-

extrinsic evidence which supported a finding that there was an intent to vest retiree health care benefits. (Dkt. #127 at 45-51)

In analyzing the HIAs' terms, their context, the known customs and usages of the parties and extrinsic evidence, this Court concluded that there was an issue of fact as to whether retiree health care benefits were vested lifetime benefits. (Dkt. #127 at 52-53)

This Court did not deny Defendants' Motion for Summary Judgment based on the so-called *Yard-Man* inference, so the Supreme Court's holding in *Tackett* has no impact on this Court's summary judgment ruling. Therefore, Plaintiffs request that the Court set this matter for trial for the reasons set forth in the February 27, 2014 Order.

                Respectfully submitted,

                McKNIGHT, McCLOW, CANZANO,
                SMITH & RADTKE, P.C.

                By: /s/ *David R. Radtke*
                    DAVID R. RADTKE (P47016)
                    ROGER J. McCLOW (P27170)
                    PATRICK J. RORAI (P65091)
                    Attorneys for Plaintiffs
                    400 Galleria Officentre, Suite 117
                    Southfield, MI 48034
                    248-354-9650
                    dradtke@michworklaw.com
                    rmcclow@michworklaw.com
                    prorai@michworklaw.com

Dated: March 4, 2015

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will serve it upon:

Bobby R. Burchfield                                             Elisa Angeli Palizzi
Joshua D. Rogaczewski

 

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:  /s/ *David R. Radtke*
    DAVID R. RADTKE (P47016)
    ROGER J. McCLOW (P27170)
    PATRICK J. RORAI (P65091)
    Attorneys for Plaintiffs
    400 Galleria Officentre, Suite 117
    Southfield, MI 48034
    248-354-9650; Fax: 248-354-9650
    dradtke@michworklaw.com
    rmcclow@michworklaw.com
    prorai@michworklaw.com

P:\RHC Cases\BorgWarner\2009 MI Lawsuit\Pleadings\Pos Stmt on Tackett.wpd